worked and used, which was the only possession of the said premises described in the complaint by the defendant." The evidence upon the trial discloses the fact that Judge Downs, who purchased the property in behalf of the plaintiff, had taken some part in the proceedings instituted by the defendant to open a street across the lands, and had advocated the action of the common council in that direction, and it appears that some surveys were made and monuments were placed and maps made and filed under the resolution of the common council. Some other evidence was given tending to support the conclusion of fact just stated. The court found as conclusion of law that the possession taken by the defendant of, and dominion exercised over, the premises described in the complaint, was lawful. It seems to follow that the plaintiff was not entitled to a judgment in ejectment against the defendant. (6 Am. & Eng. Ency. of Law, 587–594.) It seems not improbable that this action was brought more for the purpose of testing the plaintiff's supposed right to the award in virtue of its acquisition of the title of Mr. Downs, who was purchaser at the mortgage foreclosure sale; and the elaborate argument submitted by the learned counsel for the appellant upon questions relating to the validity of the condemnation proceedings, and upon the supposed rights of the plaintiff to participate in the award, need not be passed upon at this time, inasmuch as we have expressed our views in the case of Patterson against this same defendant at the case heard at this term, which, if adopted, will lead to a solution of some of the questions that are embraced in the argument of the appellant. Besides, all the parties interested are not before the court. Inasmuch as we have reached the conclusion that the trial court was warranted in finding that the possession of the defendant was not unlawful at the time of the commencement of this action, we sustain the result there pronounced. Merwin, J., concurred; Martin, J., not voting.

William H. McDonald, Appellant, v. The Supreme Sitting of the Order of the Iron Hall. — (See stipulation.)*

William H. McDonald, Appellant, v. The Binghamton Trust Company, Receiver etc., of The Supreme Sitting of the Order of the Iron Hall, Respondent.— (See stipulation.)*

---

## THIRD DEPARTMENT, JULY TERM, 1895.

Arthur T. Bennett, Respondent, v. United Life Insurance Association of New York, Appellant.— Judgment affirmed, with costs. No opinion.

Edward R. Ladew and Another, Appellants, v. Charles D. Rathbone and Another, Respondents.—Judgment affirmed, with costs and disbursements on opinion of trial court. No opinion

The People of the State of New York, Respondent, v. The Grand Lodge of the Empire Order of Mutual Aid of the State of New York; Jane Draper, Claimant, Appellant.— Order affirmed, with costs and disbursements, No opinion. Putnam, J., not acting.

In the Matter of the Judicial Settlement of the Estate of William Moore, Deceased.—Decree affirmed, with costs and disbursements to be paid out of the estate. No opinion.

Isaac Teetsel, Respondent, v. William H. Simmons, Clarence E. Dunham, Charles Mulford and James Williamson, Appellants.— Judgment reversed and a new trial granted, costs to abide the event. Mem. by Herrick, J.; Putnam, J., dissenting.—

HERRICK, J.: It seems to me that the evidence in this case establishes that the switchboard, upon which the plaintiff was standing at the time of the accident, was placed there to be used for the purposes of a switchboard only, and not as a part of a passageway for the workmen of one room, or part, of the icehouse to the other; that its occasional use as a passageway by some of the workmen was not in pursuance of any custom or by any authority of the defendants; that the board was reasonably sufficient for the purpose for which it was intended it should be used, that is, as a switchboard; that the accident happened by reason of the careless act of a fellow-servant while not in the performance of any duty necessary to be performed in the course of his employment. It follows from these conclusions that the judgment should be reversed.

Judgment reversed and a new trial granted, costs to abide the event. Mayham, P. J., concurred.

PUTNAM, J. (dissenting): While not very clear about this case it seems it was properly submitted to the jury. The admission of defendant Simmons, the statement of defendants' witness, Dumery, which tended to show that plaintiff was properly on the board, and other evidence in the case, I think, allowed the judge to submit the case to the jury.

Catharine J. Brown, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.—Judgment affirmed, with costs and disbursements. No opinion.

Jacob Kalinsky, Appellant, v. The Albany Railway, Respondent.—Judgment affirmed, with costs. No opinion. Herrick, J., not acting.

David Donahue, Appellant, v. John H. Drake and William D. Stratton, Respondents.— Judgment affirmed, with costs. No opinion.

Henry F. Gillig, Appellant, v. George C. Treadwell Company, Respondent.— Order affirmed on opinion of Special Term, with ten dollars costs and disbursements. No opinion. Herrick, J., not acting.

Martin Walsh, Respondent, v. Henry Savage and Patrick H. Savage, Appellants.—Judgment affirmed, with costs and disbursements. No opinion.

The Roscoe Water Company, Appellant, v. Louis Sipple, Respondent.—Award and judgment affirmed, with costs.—No opinion.

Frances E. Muller, Respondent, v. Willard G. Wilcox, Appellant.— Judgment affirmed, with costs.—

FURSMAN, J.: In September, 1890, the plaintiff's husband owed a debt of sixty dollars to the defendant. The defendant thereupon wrote her proposing to take her goods and store them for her, and asked her to give him an order for them "so no other creditors could touch them." She agreed to this by a letter in these terms: "I hereby authorize

* See *Moshier* v. *The Supreme Sitting of the Order of the Iron Hall*,(reported *ante*, page 394,)–[REP.