Tillie Strobel, an Infant, by Amanda Strobel, Her Guardian ad Litem, Respondent, v. Fannie Liebmann et al., Appellants.

Negligence — when landlord not liable to child of tenant for injury caused by fall of grating used as cover to opening into cellar of tenement house.

A landlord is not obliged, for the protection of his tenants, to secure a grating which constitutes the cover of an opening close to the front wall of the building occupied by them, which opening is used for the purpose of taking in coal and supplies and taking out ashes and garbage, in such a manner as that when the grating is up it shall be so securely fastened back as to prevent its closing, and failure to do so is not negligence for which a recovery can be had for injury to the child of a tenant by reason of the falling of the grating.

*Strobel* v. *Liebmann*, 133 App. Div. 910, reversed.

(Argued January 12, 1910; decided January 25, 1910.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 22, 1909, affirming a judgment in favor of plaintiff, entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. Clyde Sherwood* and *Frank V. Johnson* for appellants. The plaintiff failed to show that her injury was caused by any negligence on the part of the defendants. (*Perez* v. *Sandowitz*, 180 N. Y. 397; *Hilsenbeck* v. *Guhring*, 131 N. Y. 674; *Idel* v. *Mitchel*, 158 N. Y. 134; *Saverio-Cella* v. *B. U. R. Co.*, 55 App. Div. 98; *McCabe* v. *Kestens*, 11 Misc. Rep. 272; *Alperin* v. *Earle*, 55 Hun, 211; *Curran* v. *Flammer*, 49 App. Div. 293; *Flood* v. *Huff*, 29 Misc. Rep. 351; *Schanda* v. *Sulzberger*, 7 App. Div. 221; *Aldrich* v. *Laul*, 126 App. Div. 427; *Gorman* v. *White*, 19 App. Div. 324; *Brugher* v. *Buchtenkirch*, 167 N. Y. 153.) This areaway was not provided for use by the children as a place for them to play, and the defendants should not be held liable for an injury resulting from such unauthorized use. (*McAlpin* v. *Powell*, 70 N. Y. 126; *Miller* v. *Woodhead*, 104 N. Y. 471; *Mayer* v. *Laux*, 18 Misc. Rep. 671; *Kelly* v. *Smith*, 29 App. Div. 346; *Walsh* v. *Frey*, 116 App. Div. 527; *Teetsel* v. *Simmons*, 88 Hun, 621; *Kern* v. *DeC. & D. S. R. Co.*, 125 N. Y. 50; *White* v. *Eidlitz*, 19 App. Div. 256.) If there was negligence on the part of any one it was the negligence of the person who opened this door just before the plaintiff's injury, in failing to close it again. (*Laidlaw* v. *Sage*, 158 N. Y. 73; *Earle* v. *C. S. S. Co.*, 103 App. Div. 21; *Saverio-Cella* v. *B. U. R. Co.*, 55 App. Div. 98.)

*Peter Klein* for respondent. There was sufficient evidence of negligence to warrant its submission to the jury. (*Earl* v. *Crouch*, 16 N. Y. Supp. 770; 131 N. Y. 613; *Ramsey* v. *N. C. Co.*, 49 App. Div. 11; *Schmidt* v. *Cook*, 12 Misc. Rep. 449; *Kunz* v. *City of Troy*, 104 N. Y. 344; *Skelton* v. *Larkin*, 82 Hun, 388; 146 N. Y. 365; *Sturmwald* v. *Schreiber*, 69 App. Div. 476; *Devine* v. *N. W. P. Co.*, 95 App. Div. 194; *Garrett* v. *Sommerville*, 98 App. Div. 206; *Torgessen* v. *Schultz*, 192 N. Y. 159; *Staller* v. *R. Mfg. Co.*, 195 N. Y. 478.)

WERNER, J. The plaintiff is the victim of a distressing accident which befell her in September, 1900, when she was

a child six years of age, and which resulted in the amputation of parts of the four fingers of her right hand. Four years thereafter suit was brought against these defendants which eventuated in a verdict for the plaintiff. The judgment which followed was subsequently affirmed at the Appellate Division, and the case is now before this court upon defendants' final appeal.

At the time of the accident the parents of the plaintiff were tenants in a tenement building, known as No. 12 Belvidere street, in the borough of Brooklyn, in the city of New York, which was then owned by the defendants. The building was fitted for the occupancy of seven separate families, who used the halls, passageways and cellar in common. On the street front there was a paved area of about four feet in width, which was inclosed by an iron fence or railing, having two gates, one of which gave convenient access to the street and the other to the stairway leading to the cellar entrance. Close to the front wall of the building there was an opening about three feet square in the floor or pavement of the area. This opening extended down to the cellar and was used by the janitor for the purpose of taking out ashes, garbage, etc., and by the tenants for taking in coal, wood and other supplies. This opening was provided with an iron grating, which served as a cover when closed, and could be opened by swinging it upward on its hinges which were affixed to the pavement.

On the day of the accident, one of the tenants had purchased from a neighboring grocer a number of empty boxes and crates for the purpose of reducing them to kindling wood. He had made several trips to the cellar of the grocery, returning each time with an armful of boxes, crates or wood, which were thrown down into the cellar of the tenement through the opening, which has been described. During one one of these trips the plaintiff, who had been playing in front of the tenement, was moved by childlike curiosity to see how the tenant was getting on with his transportation of wood. She went to the opening, kneeled down on the pavement, leaned her body on her right hand which rested on the edge

of this three-foot opening, and peered into the cellar. While thus engaged she heard a scream, and as she turned to ascertain the cause, the grating fell down on her hand with such force as to sever one finger and mangle the others. That, in short, is the substance of the story told by the plaintiff and another witness called on her behalf. The defendants produced a number of witnesses who told an entirely different story. That is of no importance to this court, however, because the plaintiff's right to a judgment depends upon the legal conclusions which may properly be drawn from the most favorable view of her own evidence. As bearing upon that aspect of the case, the complaint alleges that the defendants were negligent in permitting the iron covering of the opening and the fastenings thereof to become defective, weak and insecure, and in failing to provide a hook or appliance to hold the iron cover in place when it was open, well knowing that the opening was used by all the tenants and their children. The plaintiff's evidence was, however, much narrower than her allegations. There was no proof that the opening was used by the children of tenants, and the permissible inferences all pointed the other way. The evidence disclosed no defect in the cover to the opening, except that the hinges were so near to the wall of the building that, when the cover was up, it was perpendicular and did not lean toward the building. From this it was argued that the defendants should have affixed to the building a hook or other contrivance to hold the cover in place when it was open, and that their failure to do it was negligence. It is evident that this was the theory upon which the learned trial judge submitted the case to the jury, and upon which the judgment was affirmed at the Appellate Division.

We think the judgment cannot be upheld. The evidence for the plaintiff clearly indicates that this opening into the cellar was not a passageway for general use, but was merely a conduit for such things as are usually taken in and out of cellars through such openings in preference to the doors and stairways which are commonly used as means of ingress and egress by persons. It was not only not designed to be left

open, but was obviously to be kept closed when not in actual use. In view of the purposes for which it was used it was much safer, constructed as it was, than if it could have been leaned securely against the building or fastened to it with a hook or clasp. The defendants had the right to so construct it that it could not be conveniently left open when it was not being used. The record is quite barren of evidence tending to show that the children of tenants had ever used this opening, or that any such use had ever been brought to the knowledge of the defendants. If we assume, for the purposes of this discussion, that the opening was negligently left open on the occasion of this unfortunate accident, that cannot help the plaintiff, for it was the negligence of a tenant and not of the defendants, and there is nothing in the record to indicate that the latter had any reason to anticipate such negligence. We can think of no theory upon which this judgment can be logically or legally sustained. Many authorities might be cited in support of our views, but a single one will suffice. In *McAlpin* v. *Powell* (70 N. Y. 126) a child, ten years of age, stepped out of his father's room in a tenement house on to the platform of a fire escape and fell through a trap door in the platform. The hinges of the trap door were defective. This court held that the owner was not liable for the death of the child. Referring to the fire escape in that case, the writer of the opinion said: "It bore no indication that it was designed for general use, and furnished no invitation or attraction to young children any more than the roof of a stoop or piazza, which projects under the window of a dwelling house, and is easy of access to persons in the vicinity. Under such a state of facts, and where a person thus voluntarily exposes himself to danger and is injured, there is no rule of law which authorizes a recovery." (p. 131.)

The judgment should be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT and VANN, JJ., concur; HISCOCK, J., concurs in result.

Judgment reversed, etc.