## SMITH v. PARKE.

(Supreme Court, Appellate Term.   June 24, 1910.)

LANDLORD AND TENANT (§ 167*)—USE OF PREMISES—LIABILITIES OF LANDLORD
—IMPLIED INVITATION TO THIRD PERSON.

Where plaintiff was injured in an apartment house while visiting her
son, the janitor, the injury occurring in a cellar used for the storage of
coal, and occasionally used by tenants for storage of their trunks, where
plaintiff had no right, there was no invitation, express or implied, to her
to use the cellar.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §
676;   Dec. Dig. § 167.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Mary Smith against William A. Parke. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Frank V. Johnson, for appellant.
Katz & Sommerich, for respondent.

BIJUR, J. Plaintiff, a woman some 67 years of age, was visiting her son, the janitor of a double apartment house. He lived in the basement cellar of one house. She had visited his apartment on a number of occasions. When she determined to leave, she knew that he was working on the fourth floor of the adjoining house, and wished to bid him good-by. She alleges that, instead of coming around by way of the street, she went through the cellar, through an opening in the party wall between the two houses, and was injured by falling, in trying to descend a step from one floor level to another. The place where she slipped was fairly dark.

Apart from the question of her contributory negligence, which seems to have been fairly well established by her own testimony (Hilsenbeck v. Guhring, 131 N. Y. 674, 676, 30 N. E. 580), the court charged the jury that it was the duty of the landlord to keep the premises in a safe condition for tenants and guests, and declined to charge that the defendant owed the plaintiff "no more duty than to avoid willfully or wantonly causing an injury." The defendant duly excepted. Plaintiff's own witness, her son, the janitor, testified that the cellar was used for the storage of coal, and occasionally by tenants for storage of their trunks. It is evident that plaintiff had no right there, and that there was no invitation, express or implied, by the landlord to her, to use this cellar. Her testimony shows that she was fully aware of the proper way of reaching the adjacent house. Finally, it is by no means clear that she has shown by her testimony that her injury was due to the defect in the step at which she says she was injured. Strobel v. Liebmann, 197 N. Y. 348, 90 N. E. 998; McAlpine v. Powell, 70 N. Y. 126, 26 Am. Rep. 555; Teetsel v. Simmons, 88 Hun, 621, 34 N. Y. Supp. 972; Kiernan v. G. P. & R. M. Co., 134 App. Div. 192, 118 N. Y. Supp. 893.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.