Title Guarantee and Trust Company, Appellant, *v.* The City of New York, Respondent.

**Pleading — demurrer — defective pleadings in action against city of New York involving right to construct vaults under sidewalk.**

Upon examination of authorities relative to the right to a permit to construct vaults under a sidewalk in New York city (*Deshong* v. *City of New York*, 176 N. Y. 475; *Babbage* v. *Powers*, 130 N. Y. 281), *held*, that both the complaint and answer, in an action to recover money alleged to have been paid under duress for permission to

repair and enlarge a vault, were defective, and where plaintiff demurred to one of the defenses the rule was applied that a defective complaint cannot be made the basis of an effective demurrer.

*Title Guarantee & Trust Co.* v. *City of New York*, 141 App. Div. 931, affirmed.

(Argued May 21, 1912; decided June 4, 1912.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 13, 1911, affirming a final judgment in favor of defendant entered after an interlocutory judgment of Special Term overruling a demurrer to the answer.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Harold Swain* and *Edwin W. Cady* for appellant. Appellant's vault had existed for a sufficient number of years to raise the presumption that it was originally constructed with the assent of the public authorities. The separate defense pleads no facts that tend to rebut this presumption. (*Deshong* v. *City of New York*, 176 N. Y. 483; *Babbage* v. *Powers*, 130 N. Y. 281; *People ex rel. Ziegler* v. *Collis*, 17 App. Div. 448; 158 N. Y. 704; *Jennings* v. *Van Schaick*, 108 N. Y. 530; *Tucker* v. *O'Brien*, 117 N. Y. Supp. 1010; *Potter* v. *I. R. T. Co.*, 54 Misc. Rep. 423; *Hart* v. *McKenna*, 106 App. Div. 219; *Bell* v. *City of New York*, 77 App. Div. 437; *Donnelly* v. *City of Rochester*, 166 N. Y. 315; *Broadbelt* v. *Loew*, 15 App. Div. 343; 162 N. Y. 642.)

*Archibald R. Watson, Corporation Counsel* (*Terence Farley* and *Harry Crone* of counsel), for respondent. The separate defense, if true, is a complete defense to this action. (*Deshong* v. *City of New York*, 176 N. Y. 475.) The complaint fails to set forth facts sufficient to constitute a cause of action to recover back money paid under duress. (*Wolff* v. *City of New York*, 92 App. Div. 449; 179 N. Y. 580.)

32

Hiscock, J. This appeal involves a consideration of plaintiff's demurrer to one of the defenses interposed by the defendant. Inasmuch as the disposition of the question in our view involves an examination of the sufficiency of the complaint as well as of the answer for the reason that a defective complaint cannot be made the basis of an effective demurrer, it will be necessary to examine somewhat in detail both pleadings.

The action is brought to recover money alleged to have been paid under duress. The complaint in substance amongst other things alleges that the plaintiff is the owner of real estate in the city of New York which has as an appurtenance vaults constructed under the sidewalk; that these vaults were constructed about the year 1840, and "had been permitted" by the defendant and "had been maintained and occupied by the owners of said premises as an appurtenance thereof, without interruption until on or about" June 20, 1905; that on or about said date plaintiff, desiring to erect new buildings, in proper form made application for leave to repair and extend said vaults, and that the defendant refused to grant said application except on payment of a certain price per square foot for the space occupied by the old vaults as well as the proposed extension; that because of said refusal "and in order to save itself from greater damage and injury resulting from the said delay and hindrance in the construction of the said building which said delay and hindrance were and would have been occasioned by the wrongful and unlawful acts of the said city of New York, * * * and under protest, and under duress and under threat of arrest of plaintiff's agents, officers, employees, contractors and servants * * * should they attempt to remove said sidewalk for the purpose of repairing said vault without said permit," the plaintiff paid the amount involved.

The answer which is attacked in substance alleged that plaintiff requested "that a vault permit be issued to

it to construct a vault in the highway or street   *   *   *;
that an examination of the public records did not dis
close the fact that a vault permit had ever been issued to
construct a vault adjacent to the said premises, and that
thereupon the plaintiff paid the sum of $2.00 per square
foot for the number of feet of vault space applied for to
secure such permit," and then follow certain conclusions
of law.   I shall consider first the answer.

This involved an attempt to set up a defense under the
principles affirmed in *Deshong* v. *City of New York* (176
N. Y. 475), but the allegations are not properly adapted
to the difference between the facts which existed in that
case and those which are alleged in the present one.   In
the *Deshong* case there was in controversy the right to
maintain a vault which had existed since 1876.   It was
held that where a vault had been maintained under a
sidewalk for more than twenty years it would be pre-
sumed that it was originally constructed with the assent
of the public authorities, but it was further held that
this presumption might be overcome and that inasmuch
as a statute passed in 1857 and ordinances adopted in
1859 required that an application for a permit and the per-
mit itself should be in writing and inasmuch as the proper
records disclosed no such application or permit to main-
tain the vault in question, the presumption of authority
to maintain it was rebutted.

In the present case it is alleged that the vault was con-
structed in 1840, and it does not appear that there was
any statute at that time and no ordinance is pleaded
which required a written application for leave to main-
tain, or a written permit to maintain such a vault, and,
therefore, the fact that no record was found of such an
application or permit did not rebut any presumption
which otherwise had arisen that the vault in question
was maintained by the consent of the proper authorities.
(*Babbage* v. *Powers*, 130 N. Y. 281.)

In addition to this substantial defect in the pleadings,

its allegations are insufficient as a matter of form. Instead of alleging fairly and squarely that the records did not disclose the granting of any permit it simply alleges the evidentiary fact that "an examination of the public records did not disclose" that a vault permit had been granted. This allegation might be entirely true and yet there be a record of the permit. It would depend on the manner of the examination.

Concluding thus that the answer is deficient, we come to the other question whether the complaint is any better, and we reach the conclusion that it is not.

It alleges a single, entire application for permission to remove the sidewalk and to repair, strengthen, extend and maintain the walls of its vault. That is the application which it is alleged the defendant and its officials have improperly refused to grant. It sought new space as well as repair of old vaults. While the allegation supposed to set forth duress is that the plaintiff paid under threat of arrest in case it should attempt to remove the sidewalk for the purpose of repairing the vault, this threat was predicated solely on the failure of plaintiff to procure "said permit," which related both to repairs and extension. It is not alleged that it was necessary to remove the sidewalk merely for the purpose of repairing the old vault or that plaintiff made any attempt to secure a permit for that purpose disconnected from the other one of extending its vaults. Therefore, the question becomes whether defendant unlawfully refused to give a permit for repairs and extension combined, and whether it improperly threatened to arrest plaintiff's officials unless they obtained this permit for which alone application had been made. The decision of this question depends on the legality of the demand which defendant made for a payment measured by a price per square foot of area of old as well as of proposed new vault. The plaintiff argues that under the Babbage and Deshong cases it is to be presumed that it had acquired the right to main-

tain the old vault, and that, therefore, it was unlawful for the city as a condition of giving a permit to repair and extend said vault to require a sum which took into account the space of the old vault; that the price should have been limited by the area of the extension alone. That contention cannot be sustained on the allegations of the complaint. If we assume that the complaint sufficiently alleges a right to maintain the old vault it does not allege any restriction whatever on the right of the city to charge any price which it saw fit as a condition of allowing an extension of such old vault. So far as appears the price to be charged in any case like the present one rested absolutely in the discretion of the city and its officials to be determined by the facts and circumstances of the particular case, or so far as appears there may have been ordinances which prescribed just such a measure of compensation as was adopted in this case as a consideration for allowing an extension of the old vault. At any rate, in the absence of some allegation to the contrary, we must assume that the city had a right to charge such price as it saw fit for new space, and the mere fact that it fixed this price by reference to the area of the old vault as well as of the extension does not of itself establish unlawful conduct, or make the conduct of its officials in refusing to allow plaintiffs to proceed without a permit duress justifying the recovery of the money which was paid.

In accordance with the rule already referred to, plaintiff's complaint being insufficient, it follows that its demurrer was properly overruled, and the judgment should be affirmed, with costs, but without prejudice to the right of plaintiff to apply to vacate the judgment, and for leave to serve an amended complaint on such terms as may be just.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT, CHASE and COLLIN, JJ., concur; VANN, J., absent.

Judgment affirmed.