The judgment appealed from should be affirmed, with costs.

HOWARD, J., concurred.

Judgment reversed and new trial granted, with costs to appellant to abide event.

---

THE CITY OF NEW YORK, Appellant, *v.* ARTHUR H. MASTEN, Respondent.

First Department, November 3, 1916.

**Municipal corporations — city of New York — when excavation between sidewalk and building not a "vault."**

An ordinance of the city of New York passed in 1855 provided that the sidewalks of Seventy-ninth street between Fifth avenue and the East river be made thirty feet wide, and that the owners of property on the street have permission to inclose fifteen feet in width of the sidewalks for court yards, the city reserving the right to revoke said permission when, in its opinion, the necessities of the street required it. Since the passage of said ordinance, abutting owners have been permitted by custom and by ordinance to use fifteen feet adjacent to their lines for "court yard purposes."

An excavation under a stoop covering the fifteen feet between the sidewalk and the house encircled by substantial walls forming a support to the stoop is not a "vault" and unlawful.

The removal of such a stoop and the construction of a concrete walk over the excavation to the entrance of the building, leaving the open space under said walk surrounded by the walls which had served as supports to the stoop does not render the excavation a "vault" and unlawful, and the owner is not bound to fill in the excavation or to apply for and procure a permit as if for the construction of a new "vault."

*It seems,* however, that the court yard ordinance does not authorize an abutting owner without a permit to excavate for a vault within the court yard area.

CLARKE, P. J., and DOWLING, J., dissented.

APPEAL by the plaintiff, The City of New York, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 24th day of July, 1915, dismissing the complaint upon the decision of the court after a trial at the New York Special Term.

*Russell Lord Tarbox,* for the appellant.

*Frederick J. Moses,* for the respondent.

SCOTT, J.:

The action is for a mandatory injunction requiring the defendant to fill up what the complaint denominates as a vault in front of property owned by said defendant in East Seventy-ninth street in the city of New York. The facts as developed upon the trial are somewhat different from those which have been presented in any of the reported cases relating to the creation and maintenance of vaults in the city of New York. East Seventy-ninth street is a wide street and in laying it out the city acquired sufficient space for a sidewalk thirty feet on each side of the street. Only fifteen feet of this space on each side, however, are actually used for sidewalk purposes, the remaining fifteen feet being permitted to be used by the owners of the abutting property for court yards, subject to the reserved right of the city to revoke the permission for such use. The ordinance granting permission for such use was adopted on July 17, 1855, and applies to the street from Fifth avenue to the East river. It is similar to and expressly refers to the court yard ordinance affecting Fifth avenue which was considered by this court in *City of New York* v. *Knickerbocker Trust Company* (104 App. Div. 223). The language of the ordinance is: "That the sidewalks of Seventy-ninth Street between Fifth

Avenue and East River (in the regulation of said street now in progress) be made thirty feet wide, and that owners of property on the street have permission to enclose fifteen feet in width of the sidewalks for court yards, * * * the corporation reserving the right to revoke such permission when in their opinion the necessities of the city require it." The effect of this ordinance was that while the city acquired the title to the whole thirty feet, it waived the right, for the time being, of actually using the whole area for strictly sidewalk purposes, and permitted the abutting owners to use fifteen feet adjacent to their lots for "court yard purposes." Such purposes, by long continued custom in the city of New York, included the right to fence off the court yards and to build stoops or stairways to afford access to the houses. Indeed, the erection and maintenance of such stoops are expressly permitted by ordinance and have been permitted for very many years. (See Code of Ordinances of the City of New York, chap. 23, § 167, and note to said section in Cosby's Compilation of 1915, p. 320.) The house now owned by defendant was erected in the year 1886 by one Kilpatrick, pursuant to plans filed with the building department. As then built it was approached by what is known as a box stoop consisting of a return flight of steps leading to the entrance of the building and extending approximately but not quite to the fifteen-foot line of demarcation between the sidewalk proper and the court yard. There seems to be no contention on the part of the plaintiff that this stoop was unauthorized or unlawful. Beneath the stoop and as a part of its construction was the excavation which is now claimed to constitute a vault and to be unlawfully maintained. It is encircled by substantial walls which formerly also served to support the stoop.

A similar excavation as this was considered by the Appellate Term of this court in *City of New York* v. *Beuk* (43 Misc. Rep. 663). The claim was there made by the city that it constituted a "vault" as defined by the ordinances and that it could not be lawfully erected or maintained unless a permit therefor as a "vault" had been applied for and issued. This contention was overruled by the Appellate Term in a carefully considered opinion. That decision was rendered in 1904, and

apparently the city has acquiesced in the correctness of the ruling for twelve years, since the question does not appear to have been raised in any subsequent case. This circumstance, together with the acknowledged ability and experience of the justices who wrote and concurred in the opinion and the cogency of its reasoning impels us to adopt the same view, and to accept it as settled law that the excavation now complained of was not unlawful when made, and so long as the stoop remained over it.

The defendant purchased the house in question in 1911, and made certain alterations therein, and among other things altered it from a "high stoop" to an "English basement," in doing which he removed the stoop, filled in over the excavation to the sidewalk level and made a cement or concrete walk from the fence line on the sidewalk level, over the excavation complained of, to the entrance to the building. This left an open space under the concrete sidewalk running out nearly to the fence line, and still surrounded by the same walls which had theretofore served as supports to the stoop.

It is the claim of the city that, even conceding that this space while the stoop remained intact was not a "vault" and was not unlawful, it became a "vault" and unlawful as soon as the stoop was removed, and the space itself covered over, and that it is the duty of defendant to fill it up, or at least to apply for and procure a permit as if for the construction of a new vault. With this contention we are unable to agree. Holding, as we do, for the reasons above stated, that the excavation was lawfully constructed in the first instance, we cannot hold that it became unlawful and a public nuisance upon the removal of the stoop and the carrying of the walk over the excavation, for it seems to be the rule that such an excavation, lawful when made, may be lawfully continued and maintained without further permit. (*Title Guarantee & Trust Co.* v. *City of New York*, 205 N. Y. 496.) One circumstance which seems to differentiate this case from all or nearly all of those cases which deal with the question of vaults in the public streets, is that they have dealt with vaults constructed under that part of the street which is actually used for street purposes. Here the excavation is wholly under that part of the

property which, although acquired for street purposes, is temporarily excluded by force of a city ordinance from use for ordinary and usual sidewalk purposes, so that the infringement upon the rights and property of the city is more technical than actual. Of course it is open to the city at any time by a repeal of the ordinance to remove the " court yard " privilege, and in connection therewith, if the excavation be found to be inconsistent with the proper use of the area for street purposes to require it to be filled up or to fill it up itself. But no such condition of affairs has arisen as yet. Nor are we to be understood as holding that the court yard ordinance would authorize an abutting owner, without a permit, to excavate for a vault within the court yard area. We are now dealing only with the particular case before us and our decision that the excavation in question is not presently unlawful rests upon the conclusion that it was lawful when made and that nothing that has occurred since has operated to render it unlawful.

The judgment appealed from is affirmed, with costs.

LAUGHLIN and SMITH, JJ., concurred; CLARKE, P. J., and DOWLING, J., dissented.

Judgment affirmed, with costs.