PATRICK DONNELLY, as Administrator of PATRICK H. DONNELLY, Deceased, Appellant, *v.* THE CITY OF ROCHESTER, Respondent.

1. NEGLIGENCE — NOTICE TO MUNICIPAL CORPORATION OF DANGEROUS AREAWAY. While a deep areaway along the line of the sidewalk, on a busy and much frequented street in a large city, is not necessarily an unlawful encroachment and a nuisance *per se*, its presence, when insufficiently guarded, necessarily creates and is a source of danger to persons on the street, and where it has so existed for a long period of time, the officers of the municipality are chargeable with knowledge of the danger.

2. WHETHER AN AREAWAY WAS SUFFICIENTLY PROTECTED A QUESTION OF FACT. In an action against the city to recover damages for the death of plaintiff's intestate caused by his slipping on the sidewalk and being precipitated over a railing two and a half feet high into the areaway, the question whether or not the railing was a sufficient protection to passers-by is for the jury.

*Donnelly* v. *City of Rochester,* 42 App. Div. 624, reversed.

(Argued February 7, 1901; decided March 26, 1901.)

APPEAL from a judgment entered December 21, 1899, upon an order of the Appellate Division of the Supreme Court in

the fourth judicial department, overruling plaintiff's exceptions ordered to be heard in the first instance by the Appellate Division, denying a motion for a new trial and directing judgment for the defendant.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George H. Harris* and *John S. Keenan* for appellant. The ordinance was evidence of knowledge on the part of the defendant that an areaway of this character, protected by a barricade of less than three and a half feet in height, was dangerous. (*City of Pekin* v. *McMahon*, 154 Ill. 141; *Stillwell* v. *Mayor etc.*, 17 J. & S. 365; *Kunz* v. *City of Troy*, 104 N. Y. 344.) Actual notice of the barricade around this areaway, as it existed prior to the time of the accident, and a reasonable time before the happening of the accident, was notice to the defendant that the safety of public travel along West Main street in front of this areaway was endangered, or liable to be endangered. (*Kunz* v. *City of Troy*, 104 N. Y. 344; *Cohen* v. *Mayor, etc.*, 113 N. Y. 532; *Wells* v. *City of Brooklyn*, 9 App. Div. 61; *City of Pekin* v. *McMahon*, 154 Ill. 141.) Irrespective of the ordinance the question of defendant's negligence was fairly one for the jury. (*Cleveland* v. *N. J. S. Co.*, 125 N. Y. 299; *Cohen* v. *Mayor, etc.*, 113 N. Y. 532; *Quill* v. *E. S. T. & T. Co.*, 92 Hun, 539.)

*Porter M. French* for respondent. No cause of action accrues against a municipal corporation from the mere fact that its officers have neglected their duty in the enforcement of its ordinances in regard to the condition of streets and highways. (*Stillwell* v. *Mayor, etc.*, 17 J. & S. 360; 96 N. Y. 649; *Levy* v. *City of New York*, 1 Sandf. 465; *Faulkner* v. *City of Aurora*, 85 Ind. 130; *Moore* v. *Gadsden*, 93 N. Y. 12.) There was no evidence to show that the railing and areaway were dangerous to the public. (*Malloy* v. *N. Y. R. E. Assn.*, 156 N. Y. 205; *Jorgensen* v. *Squires*, 144 N. Y. 280; *Wormser* v. *Brown*, 149 N. Y. 163; *Dougherty* v. *Vil. of Horseheads*,

159 N. Y. 154; *Babbage* v. *Powers*, 130 N. Y. 281.)   The danger of an accident resulting from the erection of the railing and areaway in front of the Powers building could not be anticipated or foreseen by the exercise of reasonable care and prudence, and according to common experience an accident was not likely to happen by reason of the erection of the same, and the accident was one of a class rare, unexpected and unforeseen, and defendant cannot be charged with negligence for failure to guard against it.   (*Beltz* v. *City of Yonkers*, 148 N. Y. 67; *Loftus* v. *U. F. Co.*, 84 N. Y. 455; *Hubbell* v. *City of Yonkers*, 104 N. Y. 434; *Dubois* v. *City of Kingston*, 102 N. Y. 219; *Frobisher* v. *F. A. T. Co.*, 151 N. Y. 431; *McGrell* v. *B. O. B. Co.*, 153 N. Y. 265; *Lafflin* v. *B. & S. W. R. R. Co.*, 106 N. Y. 136.)   The officers of the city of Rochester having charge of the highways did not have notice of the unsafe and dangerous condition of the sidewalk where the accident happened.   (L. 1890, ch. 561, § 27; *Smith* v. *City of Rochester*, 79 Hun, 174; 150 N. Y. 581.)

CULLEN, J.   This action is brought to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant.   In front of the Powers building, on Main street, the principal business street in the city of Rochester, there was an areaway which extended into the street six feet four inches, and was twelve feet three inches below the grade of the sidewalk.   The descent from the sidewalk to the level of the area was vertical.   The excavation was, at the time of the accident that is the subject of this suit, guarded by a railing two feet and a half high, erected along the edge of the sidewalk.   On the evening of January 29, 1897, the plaintiff's intestate, who had been standing near the railing on the sidewalk, started to walk across it to take an approaching car.   He slipped on some snow which had recently fallen and was precipitated over the railing into the areaway.   The areaway and railing had existed for a number of years in the same condition as at the time of the accident.   On the trial the plaintiff put in evidence an ordinance of the city of

Rochester which prescribed that cellarways or openings, platforms or approaches to any building should have a substantial rail on the sides thereof, at least three and a half feet high. At the conclusion of the evidence for the plaintiff the complaint was dismissed, and the judgment entered on such dismissal has been affirmed by the Appellate Division of the Supreme Court.

This action is not brought to impose liability upon the city for failing to enforce its ordinances, but for default in its own primary duty to maintain its streets reasonably safe and secure for travelers thereon. Nor on the other hand do we consider the areaway to have been necessarily an unlawful encroachment upon the highway and a nuisance *per se.* Subdivision 7 of section 6 of the amended charter of the city of Rochester (Chap. 561, Laws of 1890) authorizes the common council " to regulate and prevent the use and cumbering of streets, avenues," etc. While the right to excavate areaways or construct stoops in the highway is not an incident to the ownership of the adjacent land, a long usage of the highway for such purposes justifies the inference that the municipal authorities have consented to the presence of such structures on the highway, and " it is competent for the legislature to authorize a limited use of sidewalks in front of buildings in cities and villages for stoops or cellar openings, or underground vaults, for the more convenient and beneficial enjoyment of the adjacent premises." (*Jorgensen* v. *Squires*, 144 N. Y. 280. See *Broadbelt* v. *Loew*, 15 App. Div. 343 ; affirmed on opinion below, 162 N. Y. 642.) The gist of this action is negligence, and the case was so treated in the trial court. It thought there was not sufficient proof of the defendant's negligence. We entertain a different view. The areaway had existed for so long a period of time that if through the insufficiency of the guard rail it was a source of danger to persons on the street, the officers of the municipality were chargeable with knowledge of the danger. Nor is the case one in which it can be said that because no previous accident had happened on account of the height of the railing, danger could not reasonably have

been anticipated. As a matter of fact, it appears that accidents had occurred from persons falling into the areaway of this building, though not at the precise point where plaintiff's intestate met with his injury. The presence of a deep excavation along the line of the sidewalk, unless sufficiently guarded, necessarily created danger. The defendant's own ordinance prescribed three feet and a half as the proper height for such railings. Though a violation of the ordinance is not negligence *per se*, it is some evidence of negligence. (*Knupfle* v. *Knickerbocker Ice Co.*, 84 N. Y. 488.) But apart from the ordinance, we do not think it can be said as a matter of law, that a railing two feet and a half high, less than half the height of an ordinary man, was sufficient protection to persons passing on the busiest and most frequented street in a large city. The question was one of fact for the jury, and should have been so submitted.

The judgment appealed from should be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT and LANDON, JJ., concur; WERNER, J., not sitting.

Judgment reversed, etc.