## LINK v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   April 13, 1903.)

1. MUNICIPAL CORPORATIONS—SIDEWALKS—UNGUARDED CELLAR WAYS—NEGLIGENCE—QUESTION FOR JURY.

   Whether a municipal corporation was guilty of negligence where one walking along a sidewalk was injured by falling into an open cellarway over a coping, which did not sufficiently protect it, held, under the evidence, to be a question for the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.

   Where one injured by falling down a cellarway was guilty of contributory negligence held, under the evidence, to be for the jury.

Appeal from Trial Term, Queens County.

Action by Susie Link against the city of New York. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

George E. Blackwell, for appellant.

James D. Bell (Melville J. France, on the brief), for respondent.

JENKS, J. The action is for negligence. The place of the accident is a street in the borough of Queens. In an evening of November the plaintiff alighted from a car that stopped below the house she was seeking, and walked over the sidewalk in a "slanting" direction towards a light. She passed over the flagging of the sidewalk, struck her foot against a coping of the cellar steps of the house, and fell over the coping into the cellarway. The cellarway was unguarded in front, but was protected on either side by a coping, which was nearly 5 feet long on the east side, and about 13 inches above the sidewalk, and nearly 7 feet long on the west side, and from 2½ to 8 inches above the sidewalk, built of irregular field stone, and not of true inclination. There is testimony that the coping came down to the edge of the sidewalk or very nearly to it. The cellar steps were within the stoop line of the street, as was the easterly side of the coping, but the westerly side extended 11 inches beyond the line. The house sought by the plaintiff stood back of the building line, but the posts which supported the piazza were upon the line, and the cellar projected on to the sidewalk 4 feet 8 inches beyond the building line of the street. The sidewalk was flagged for a width of 6 feet, but on either side of the flagging was made of earth. The street was lighted by two electric lights, one on the oppisite street, and one on the side whereon the house was built, and each light was about 125 feet distant. The plaintiff was unfamiliar with the neighborhood. The condition of the cellarway had been the same since 1870. The street is a great thoroughfare for trolley cars, but not for pedestrians. I think that if the city negligently permitted such an opening to remain for so long a time unguarded and unprotected, or negligently permitted such an opening to remain for so long a time insufficiently guarded or protected, then liability for this accident might be cast upon the municipality. Shearman & Redfield on Negligence (5th Ed.) § 353; Donnelly v. City of Rochester, 166 N. Y. 315, 59 N. E. 989; Elliot on Roads and Streets (2d Ed.) 619; Corcoran v. Village of Peekskill, 108 N. Y. 151, 15 N. E. 309. Shearman & Redfield, supra, lay down the rule: "But the entire width of the sidewalk must be made and kept reasonably safe, including the curb, and if any part of it is taken up by an open area or cellarway connecting adjoining premises, with or without a license, it is an obstruction, for negligently permitting which to remain open or unguarded the city is liable." See, too, Jewhurst v. City of Syracuse, 108 N. Y. 303, 15 N. E. 409. The plaintiff was injured by a fall into an open cellarway, over a coping which did not, in this instance, protect the cellarway. Even conceding the contention of the learned counsel for the corporation that the coping was not unlawful, yet it was put there to guard the sides of the cellar, and the question remains whether it was such reasonable protection as absolved the city from negligence, under the circumstances of place and continuance.

I think that the questions of negligence and contributory negligence were properly submitted to the jury by the learned court, Keogh, J., and that the judgment and order should be affirmed, with costs. All concur.