## RUBIN v. MAAS.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

NEGLIGENCE (§ 33*)—USE OF LAND—CARE AS TO TRESPASSER.

> Plaintiff, who, while descending some steps leading to a cellar to bring back her child, who was playing there, stepped into a hole in one of the steps and was injured, was a mere trespasser, and in the absence of even gratuitous permission by the lessee of the premises, he owed her no obligation whatever, and was not liable.

> [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 45–47; Dec. Dig. § 33.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Dora Rubin against Morris Maas. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Abraham I. Spiro, of New York City, for appellant.

Robson & Simpson, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BIJUR, J. Defendant was the lessee of a building. Plaintiff, learning that her child was playing in the cellar of the building, descended some steps leading from the street to bring the child back. In doing so she stepped into a hole in one of the steps and was injured. As plaintiff was a mere trespasser, and as it was not shown that even gratuitous permission to enter on the premises had been given by the defendant, defendant owed her no obligation whatsoever. See Fox v. Warner, etc., Co., 204 N. Y. 240, 97 N. E. 497, 38 L. R. A. (N. S.) 395, Ann. Cas. 1913C, 842. Under the circumstances of this case the recovery was unwarranted.

The attempt to sustain the judgment because of the supposed violation of section 194 of the Code of City Ordinances must fail, because the record is devoid of any proof that the flight of stairs referred to comes within the terms of the ordinance.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.