# Kearns *v.* Mobile L. & R. R. Co.

### Damages for Injury.

(Decided June 1, 1916.   71 South. 997.)

1. **Street Railways; Use of Street; Excavation; Danger Signal.**—The sufficiency of signals or barriers to give reasonable warning of or security against existing danger with respect to their character, number and arrangement is generally a question of fact for the jury.

2. **Same.**—Under the evidence in this case the question whether two rows of red lights placed on each side of the track about eight feet apart, there being an excavation between the rails, constituted a reasonable and sufficient warning to travelers not to pass along the car track between the lights, was a question for the jury.

3. **Same; Pleading; Construction.**—Where the action was for damages for injury to an automobile, and the complaint charged the negligent failure to guard an excavation with proper and sufficient danger signals, a plea alleging by way of conclusion that plaintiff assumed the risk of driving between the lights was necessarily to be regarded as a plea of the general issue.

APPEAL from Mobile Law and Equity Court.
Heard before Hon. SAFFOLD BERNEY.
Action by Robert J. Kearns against the Mobile Light & Railroad Company for damages for injuries to an automobile. Judgment for defendant on the pleadings, and plaintiff appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911.   Reversed and remanded.

The second count of the complaint charges that defendant street railway company was repairing its track or roadbed on Government street in the city of Mobile, and had made large and dangerous holes and excavations therein, of which it became defendant's duty to warn travelers on the street of the nature and location of said excavation; that defendant wholly disregarded and negligently failed in said duty, and negligently failed to guard certain of said excavations with proper and sufficient danger signals, and as the proximate result of said negligence of said defendant an automobile then and there owned by said plaintiff, and being then and there driven over and upon, and then and there lawfully on and upon, the said Government street, while being driven in an easterly direction over and along said Government street in the nighttime, and without any fault on the part of the plaintiff, his said automobile was driven into the said holes and excavations, etc., to the damage of said automobile, etc.

The third plea of defendant was as follows: Defendant says that the excavation complained of was between the rails of one of defendant's tracks and within 20 inches on each side thereof, and that defendant had caused red lights to be set out in a row on each side of said excavation, one light at each end of the excavation and one light about the middle, which said two rows of lights were not more than eight feet apart, and which said two rows of lights plaintiff observed, and nevertheless undertook to drive his automobile between the said rows of red lights and thereby voluntarily assumed the risk of so doing.

To this plea plaintiff replied specially as follows: That the excavation by said plaintiff complained of was between the rails of defendant's track, and within 20 inches on each side thereof, and defendant did have three red lights stationed in a row on each side of said excavation, one at each end thereof, and one about the middle, which two said rows of red lights were eight feet apart. And plaintiff avers that defendant did have, and in addition to two said rows of red lights did station, have, and maintain, numerous other red lights on the south side of said excavation, and on the south side of Government street opposite the said excavation, and extending to the south curb of said Government street, so that by reason of the stationing and maintenance of the said lights as aforesaid it was made to appear that the whole of the south side of the said Government street oppo-

[Kearns v. Mobile L. & R. R. Co.]

site the said excavation was closed to traffic, and to vehicles being run and operated over and along the said street, and that the space of eight feet between the said two rows of red lights was unobstructed and safe for traffic and travel; that the plaintiff, in view of the said lights being stationed and maintained as aforesaid, did reasonably believe that the said space and opening between the two rows of lights eight feet apart was unobstructed and safe for traffic and travel, and did while exercising reasonable care and caution drive, or cause to be driven, his automobile between the said two rows of lights eight feet apart, as a result whereof the said plaintiff's automobile did drop and fall into the excavation made and maintained by the said defendant between the said two rows of red lights, and otherwise unguarded by the said defendant, causing thereby proximately the damage to the plaintiff's said automobile in his complaint complained of. And this the said plaintiff is ready to verify.

The court overruled plaintiff's demurrer to plea 3, and sustained defendant's demurrer to replication, and plaintiff took nonsuit, with bill of exceptions.

STEVENS, McCORVEY & McLEOD, and D. B. GOODE, for appellant. HARRY T. SMITH & CAFFEY, for appellee.

SOMERVILLE, J.—The question of decisive importance in this case, as presented by the demurrer to defendant's third plea, is whether the nine red lights stationed as warning signals— three on each side of defendant's street railway track with an open space of eight feet occupied by the track between them— were, as a matter of law, a sufficient warning to travelers in vehicles, who saw the lights, that the street way within the two rows of lights was in a condition dangerous or impassable for vehicles.

(1) It must of course be conceded that, as a general rule, the sufficiency of signals or barriers to give reasonable warning of or security against existing danger, especially with respect to their character, number, and arrangement, is a question of fact for the jury. Counsel for appellant have collected a number of cases so holding: *Mayor, etc., of Baltimore v. Maryland,* 166 Fed. 641, 92 C. C. A. 335; *Meck v. Nebraska Tel. Co.,* 96 Neb. 539, 148 N. W. 325; *McMahon v. City of Boston,* 190 Mass. 388, 76 N. E. 957; *Grider v. Jefferson Realty Co.* (Ky.) 116 S. W. 691; *Stockton Auto Co. v. Confer,* 154 Cal. 402, 97 Pac. 881; *Sutton v.*

*City of Snohomish,* 11 Wash. 24, 39 Pac. 273, 48 Am. St. Rep. 847; *Donnelly v. City of Rochester,* 166 N. Y. 315, 59 N. E. 989. See also, *Fox v. Wharton,* 64 N. J. Law, 453, 45 Atl. 793.

(2) We were at first of the opinion that, as a matter of simple, practical common-sense, the two rows of red lights, as shown by the plea, constituted a reasonable and sufficient warning to travelers, regardless of all other circumstances, not to pass along the car track between the lights; but, upon further consideration, we are of the opinion that the conclusion cannot be safely reached by the court, and that the question should be determined by the jury in the light of all the facts. It may be that the street lights made visible to plaintiff the excavations outside of the rails, but not those inside; and it is conceivable that two such rows of lights might be placed to guard outside excavations alone, with nevertheless ·a safe and unbroken passageway within. It does not appear how far the excavations extended along the track, nor how far apart the lights were in the rows—a circumstance which might favor conflicting inferences as to the significance of the lights as they appeared to plaintiff. It may well be that a jury would have no difficulty in finding that lights were, under all the circumstances, a sufficient warning against the attempted passage, or that plaintiff was in any case guilty of contributory negligence. But we think the jury ought to pass on these questions. We hold, therefore, that the plea was subject to the demurrer, which should have been sustained.

(3) Although the plea alleges, by way of conclusion, that plaintiff "assumed the risk" of driving between the lights, the plea is necessarily to be regarded simply as a plea of the general issue, since it is in traverse of the complaint, which charges a negligent failure to guard the excavations with "proper and sufficient danger signals." If the signals were *sufficient,* plaintiff's case fails. If they were *not* sufficient, plaintiff did not, *merely because he saw them,* assume the risk of a danger which they did not fairly forecast.

The other special pleas were not subject to the demurrers assigned. For the error in overruling the demurrer to plea 3, the judgment will be reversed, and one here rendered sustaining the demurrer, and the cause will be remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.