JOSEPH FAGAN, an Infant, by JOSEPH FAGAN, His Guardian ad Litem, Appellant, *v.* ISAAC C. BISHOP, Respondent.

First Department, January 19, 1917.

Landlord and tenant — negligence — defective platform leading to basement of apartment house — defective structure within limits of public street — duty of owner — injury to child by hole in platform — erroneous nonsuit.

Where a platform and stairway leading to the basement of an apartment house is situated within the boundaries of a public street it is the duty of the owner of the building toward any one having occasion to use the platform or stairway for any lawful purpose to maintain them in a reasonably safe condition.

Where in an action to recover for personal injuries it appears that a child of one of the tenants of the apartment house, while playing on the street, ran upon said platform to recover his hat and was injured by falling into a hole in the boards of the platform which had existed for about a year, so as to charge the owner with constructive notice thereof, it was error to

dismiss the complaint, for the platform, being within the public street, the plaintiff had a right to go upon it and use it for the purpose of recovering his hat and was not a mere trespasser upon private property. CLARKE, P. J., and SCOTT, J., dissented.

APPEAL by the plaintiff, Joseph Fagan, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 27th day of March, 1916, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

The dismissal was made upon the pleadings.

*Abraham I. Smolens,* for the appellant.

*Chester E. Barrett,* for the respondent.

LAUGHLIN, J.:

This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff, who was an infant about three years of age, through the negligence of the defendant.

The defendant was the owner of an apartment house, No. 203 West Sixty-sixth street, borough of Manhattan, New York. From the main entrance to the building four steps descended to the sidewalk. The basement of the building was occupied by a tenant, and access thereto was by means of a stairway descending from the sidewalk parallel with the front line of the building. There was a railing inclosing this areaway with the exception that there was an opening without a gate or other barrier from a platform at the top of the stairway onto the sidewalk at right angles to the building. This platform consisted of three planks running at right angles to the building, and five or six inches below the level of the sidewalk adjacent thereto. In the middle plank of this platform and at the outer end of the plank there was a hole, according to the testimony, from six inches in diameter to nine by fourteen inches in dimension.

The infant plaintiff resided with his parents in a rear apartment on the ground floor of the apartment house. Access to the apartment in which he resided was had by the main entrance and not by the stairway descending into the base-

ment. The plaintiff was playing on the street with other children and one of his playmates threw his hat into the air and it fell into the areaway. The only way in which plaintiff could obtain his hat was by descending this stairway, and in so doing he stepped into this hole and tripped and fell down the stairs and sustained injuries to recover for which this action was brought.

The evidence shows that the janitress of the building employed by the defendant customarily swept this platform and descending stairway, and there is evidence tending to show that the hole had existed for about a year. If there was any duty on the part of the owner to the plaintiff with respect to this condition of the platform the evidence would have warranted a finding that the defendant had actual or constructive notice that the hole existed for a sufficient length of time to require him to remedy the defect.

There is no express evidence with respect to whether or not the front line of the building was on the outer line of the owner's property or with respect to any permit or license to the owner from the municipal authorities by law, ordinances or otherwise to maintain the stairway and platform in the public street, if the same was constructed within the lines of the street.

The learned counsel for the respondent attempts to sustain the judgment upon the theory that the platform and stairway were on the private property of the defendant and that the plaintiff was either a trespasser or at most a licensee, and that the defendant owed to him no duty to maintain the platform in repair, under the authorities which are to the effect that the owner of private property owes no duty to trespassers or mere licensees to maintain his premises in a reasonably safe condition. (*Sterger* v. *Van Sicklen,* 132 N. Y. 499; *Collins* v. *Decker,* 120 App. Div. 645; *Rubin* v. *Maas,* 148 N. Y. Supp. 179.)

As I view the facts it is unnecessary to decide whether that contention would be sound if the platform and stairway were on the private property of the defendant; but I think it is fairly to be inferred that the platform and stairway were within the public street. It appears from the exhibits in the

case that with the exception of this areaway the sidewalk extended to the line of the buildings in this vicinity, and, therefore, the reasonable inference is that this was the ordinary areaway in a public street for access to the basement of a building; and if that be so the law imposes a duty upon the defendant to any one having occasion to use the platform or stairway for any lawful purpose to maintain the same in a reasonably safe condition. On the assumption that this platform was within the public street plaintiff had a right to go upon it and to use it and the stairway for the purpose of recovering his hat. Under the decision in *Fogarty* v. *Bogart* (59 App. Div. 114) he or any one else had an implied invitation to use the platform and stairway for the purpose of ringing a doorbell or knocking on the door to the basement to make any lawful inquiries of the occupants of the basement.

I am, therefore, of the opinion that the court erred in dismissing the complaint, and that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

Dowling and Smith, JJ., concurred; Clarke, P. J., and Scott, J., dissented.

Judgment reversed, new trial ordered, costs to appellant to abide event.