John Tymon, Jr., an Infant, by John Tymon, His Guardian ad Litem, and Another, Respondents, *v.* M. L. S. Construction Co., Inc., Appellant.*

First Department, December 9, 1932.

* Revd., 262 N. Y. 161.

*Alvin R. Cowan* of counsel [*Harold M. Phillips*, attorney], for the appellant.

*Charles S. Scholnicoff*, for the respondents.

TOWNLEY, J. This action was brought to recover damages for personal injuries sustained by the infant plaintiff due to the negligence of the defendant. The infant, four years old at the time of the accident, lived with his aunt, one Mrs. Mosher, in the basement of the apartment house at 1983 Crotona avenue, Bronx. One Mrs. Farrell, a relative, was a janitress of the adjoining apartment house and lived in the basement of 1985 Crotona avenue. In front of both of these houses there was an areaway extending out five feet beyond the building line and at a level of approximately five feet below the grade of the street. It was guarded by an iron picket fence. Access to the basements of these houses was by means of stairways leading from the street level. On the day of the accident Mrs. Mosher gave the infant plaintiff a penny. He climbed the stairs leading from the apartment in which he lived to the street. When he reached the platform at the street level, he accidentally dropped his penny which fell through the fence into the areaway of No. 1985 Crotona avenue. The penny rolled underneath or near an old radiator which had been stored for some time at the far end of this areaway. For more than five weeks prior to the accident the radiator had been tilted against the wall at a sharp angle, resting on two points, a valve and a nut. The position of the radiator was so unstable that when trucks went by, it would shake and wobble. When the infant plaintiff went to the end of the

areaway to recover his penny and reached for it, the radiator fell upon him, striking his right foot and injuring it.

The judgment for plaintiffs is attacked by the defendant on the ground that the construction of the areaway five feet beyond the building line was legal, that the infant plaintiff was a trespasser or a bare licensee, that the defendant was not guilty of any negligence, and finally, that the infant plaintiff was incompetent to testify under oath.

The infant at the time of the trial was seven years old. Before he was sworn, the court carefully examined him as to his understanding of the difference between truth and falsity and his appreciation of the obligation imposed by the oath about to be administered to him. The defendant's attorney participated in this questioning. A careful consideration of the testimony given by the boy both upon his direct and upon his cross-examination confirms the conclusion of the trial justice that the child was competent to testify and was properly sworn.

The infant plaintiff was neither a trespasser nor a mere licensee. The space occupied by this areaway was part of the public street. The permission granted by the city authorities to maintain this areaway in no way changed the essential character of this space as a part of the public highway or operated to diminish or destroy the right of said plaintiff to use it in common with the general public. (*Acme Realty Co.* v. *Schinasi*, 215 N. Y. 495; *Hynes* v. *N. Y. C. R. R. Co.*, 231 id. 229; *Fagan* v. *Bishop*, 176 App. Div. 777.) In *Acme Realty Co.* v. *Schinasi* (*supra*) the court in its opinion (at p. 502) said: " The title to the streets of the city of New York rests in the municipality as trustee for the public, and no grant or permission can be legally given that will interfere with their use by the public. The right of the public to the use of the streets is absolute and paramount."

In *Fagan* v. *Bishop* (*supra*) the facts were very similar to those involved in this case. There a boy had his hat thrown by a playmate into an area in front of an apartment house. As he went to recover his hat, he stepped upon a platform leading to the basement and fell into a hole on the platform which had existed for about a year. This court held that the boy had a right to go on this platform and stairway, and was not a trespasser on private property since the platform was upon the public street. The court in its opinion (at p. 779) said: " It appears from the exhibits in the case that with the exception of this areaway the sidewalk extended to the line of the buildings in this vicinity, and, therefore, the reasonable inference is that this was the ordinary areaway in a public street for access to the basement of a building; and if

that be so the law imposes a duty upon the defendant to any one having occasion to use the platform or stairway for any lawful purpose to maintain the same in a reasonably safe condition. On the assumption that this platform was within the public street plaintiff had a right to go upon it and to use it and the stairway for the purpose of recovering his hat."

In the case at bar the testimony showed that the infant plaintiff and other boys in the neighborhood were in the habit of playing in this areaway from time to time and had been frequently driven away by the janitress. This raised a question of fact for the jury whether the defendant had not created a condition which, in the exercise of reasonable care, it should have anticipated would be dangerous to children. (See *Sarapin* v. *S. & S. Corrugated Paper Machinery Co., Inc.*, 209 App. Div. 377.)

The jury was warranted in finding that the radiator was placed in a state of unstable equilibrium and that it might well have been affected by any jar caused by trucks passing in the street or by chance touching. The fact that it was stored at the far end of the areaway and at a point remote from the bottom of the stairs leading to the basement is unimportant. The dangerous condition was there and any persons, adults or children, having occasion to use the areaway to recover property accidentally dropped in the vicinity of the radiator, were exposed to it.

The judgment should be affirmed, with costs.

FINCH, P. J., MERRELL and SHERMAN, JJ., concur; MARTIN, J., dissents and votes for reversal and dismissal of the complaint.

MARTIN, J. (dissenting). On March 6, 1929, the plaintiff John Tymon, Jr., four years of age, met with an accident. At that time he resided at No. 1983 Crotona avenue, Bronx, with his aunt, Jane Mosher, who was a janitress and occupied the basement apartment of those premises. Mrs. Mosher's mother-in-law, a Mrs. Farrell, was the janitress and occupied the basement apartment in the adjoining premises, No. 1985 Crotona avenue, which was an apartment building owned by the defendant.

In front of the defendant's premises and located approximately in the center of the building was a stoop over an areaway. This areaway was thirty-seven feet six inches in length, five feet in width and extended about five feet below the level of the street, and was guarded on the street side by a picket fence and could be entered from the street only by means of a stairway at the extreme right. There was an entrance to Mrs. Farrell's apartment from

the areaway, the door being about nine feet from the foot of the stairway leading from the street. On one side of Mrs. Farrell's door the stairs to the street were located, on the other side the areaway was blind.

Some time prior to the accident the defendant placed an old radiator in the dead end of the areaway, more than twenty feet from the entrance to Mrs. Farrell's apartment and about twenty-nine feet from the stairs. It was left in a standing position, leaning on its side against the wall of the areaway toward the street, resting on two points, the valve and the nut which were near the bottom of the radiator.

On the day of the accident the infant plaintiff received a penny from his aunt, Mrs. Mosher, and left her apartment adjoining the defendant's premises with his cousin, Frank Mosher, who was then six years of age, to go to the store for candy. When the child reached the wooden platform at the head of the stairway leading up from his aunt's apartment in No. 1983 Crotona avenue, he was on a level with the street and immediately adjacent to the defendant's areaway. At this place the child dropped his penny and it fell into the defendant's areaway under the old radiator. The child walked down the stairs leading to the defendant's areaway and went over to the radiator and as he attempted to recover the penny, he disturbed the radiator and it fell on his foot and crushed it.

Frank Mosher testified that as the infant plaintiff descended the stairs, he remained on the top step and, therefore, could not see what the infant plaintiff did while looking for his penny, because the stoop of No. 1985 Crotona avenue blocked his line of vision. He did say that he heard the infant plaintiff scream, and that he called Mrs. Farrell who carried the child into the house.

On the above facts the case was submitted to the jury and verdicts were rendered in favor of the plaintiffs. The trial court refused defendant's motion to set aside the verdicts.

The defendant, appellant, contends that as landlord it owed no duty to the infant plaintiff to keep the radiator out of the areaway; that the construction of the areaway five feet beyond the building line was legal; that the infant plaintiff was a trespasser who admitted having been chased out of the areaway a number of times before the day of the accident; that toward trespassers or bare licensees, an owner or occupier of land owes only the duty of abstaining from inflicting intentional, wanton or willful injuries; that the defendant was not guilty of negligence, as was shown by the testimony of its janitress, Mrs. Farrell, the mother-in-law of plaintiff's aunt, who testified that the radiator was in a firm and sound position,

and that it never moved as it stood against the wall even when she swept around it almost daily. It is also contended that it was improper to permit the infant plaintiff to testify under oath because of his age and the fact that psychologists agree that the testimony of a child the age of the infant plaintiff is very unreliable.

The respondents say that the defendant was negligent in placing the radiator in the areaway in front of its house in such a position that it was in imminent danger of falling. It is claimed that the areaway is just as much a part of the street as any other portion of the sidewalk, but that the defendant was permitted to use it for the purpose of getting light and air, and for access to the basement apartments, and that the privilege conferred no ownership upon the person receiving it and is revocable by the city. It is also argued by the respondents that the law imposes a duty on the defendant to maintain the areaway in a reasonably safe condition as far as any one having occasion to use it is concerned.

It is further contended by the respondents that even if the areaway is on defendant's property and the infant plaintiff is only a bare licensee or even a trespasser, the defendant would be liable because it maintained a hidden engine of destruction, so placed that it was in imminent danger of falling and constituted a trap.

The competency of the infant plaintiff to testify was for decision by the trial court. The respondents very properly say that it was within the discretion of the court, and that by the court's examination of the boy as to his capacity, the extent of his knowledge, his understanding of the difference between truth and falsehood, and his appreciation of his duty to tell the truth, his ability to testify was thoroughly considered. The attorney for the defendant took part in that examination. There appears, therefore, to have been no abuse of discretion by the court in permitting the infant to testify.

The appellant had an absolute right to store the radiator in the areaway or any other place upon the premises. The storing of the radiator was not negligence and the record does not show negligence as to the manner in which it was placed. The fact that the infant plaintiff saw fit to go down into the areaway to recover the penny which he had lost and in doing so attempted to move the radiator clearly precludes his right to recover in this action. In searching for his penny he disturbed the radiator, causing it to fall upon his foot, and he is responsible for his accident.

The owner of the premises was charged only with the duty to refrain from inflicting intentional, wanton or willful injury upon the infant plaintiff. In *Mendelowitz* v. *Neisner* (258 N. Y. 181, 184) the court said: " Toward mere trespassers or bare licensees the rule

is well settled that the only duty owing to them by the owner or occupier of land is to abstain from inflicting intentional, wanton or willful injuries unless he maintains some hidden engine of destruction, such as spring guns or kindred devices, upon his property."

In *Vaughan* v. *Transit Development Co.* (222 N. Y. 79, at p. 82) the Court of Appeals said: " If plaintiff had had no permission to come on the premises he would have been a trespasser. If he had been there by invitation or on lawful business of interest to both parties he would have been an invitee. But he was there by permission, for his own convenience, and his status was that of a bare licensee. * * * Long-continued acquiescence in such use does not become an invitation. The law does not so penalize good nature or indifference, nor does permission ripen into right."

There is a clear distinction between a case where one is injured while using a stairway which has been constructed for such use, and a case where a child walks down a stairway and along a blind areaway and then by moving a radiator, causes it to fall upon his foot. An areaway properly inclosed and being lawfully used by the owner of property by permission of the city of New York is not a public street.

There was no negligence on the part of the defendant. Therefore, the judgment should be reversed, with costs, and the complaint dismissed, with costs.

Judgment affirmed, with costs.