ORLANDO GOTERI, Respondent, v. ANNDONS, INC., Appellant.

First Department, June 20, 1951.

*William L. Shumate* of counsel (*Frederick M. Garfield* with him on the brief; *Jones, Lynch & Schmidt,* attorneys), for appellant.

*Peter C. Demetri* of counsel (*Samuel F. Gold* with him on the brief; *Roy Berlin,* attorney), for respondent.

VAN VOORHIS, J. Plaintiff has recovered a judgment for damages arising from personal injuries sustained when he fell

through the floor of a building undergoing demolition. He was walking along Jerome Avenue between 183rd and 184th Streets, in the Bronx, in the evening, when his hat blew off and was carried by the wind through an open doorway in a tight board fence which separated defendant's property from the sidewalk. Defendant's building had been razed to the street level. When plaintiff followed his hat through this doorway, he knew that he was entering upon private property, that the building was in a precarious condition unfit for occupancy, and that the public was intended to be excluded. He paused as he entered, and " proceeded to see if the floor was safe enough to hold and it felt safe enough," then " walked in rather cautiously to go and retrieve my hat and I stepped on what appeared to be a solid flooring." Boards were openly ripped up in other places. The linoleum on which he walked gave way, and he fell into a hole up to his arms and shoulders.

The cases which have been cited to sustain the judgment involve areas, stoops, vaults or courtyards extending into public streets. In such case a duty exists on the part of the abutting property owner to use reasonable care to maintain such structures in safe conditions for the use of the general public. It was from this context that the language of Judge CRANE is taken from *Tymon* v. *M. L. S. Constr. Co.* (262 N. Y. 161, 166) that " He probably could and should anticipate that a person might accidentally drop something over the railing into the areaway, or that the hat of a passer-by might blow off. Under such circumstances the loser would have the implied right or permission to go into the areaway to recover the lost article." This was spoken concerning an areaway that extended five feet beyond the property line into the sidewalk. The railing which bounded it was out in the sidewalk. While a certain amount of privacy in the portion of the areaway which protruded into the sidewalk was conceded to the adjoining owner, the public was held to have the right to enter upon it in event of such an occurrence as the loss of a hat. After entering the areaway from the sidewalk in the *Tymon* case, there was apparently no indication where one crossed the street line and entered upon private property. Such a situation is markedly different from the present, where defendant's building, in a state of demolition, was separated from the sidewalk by a board fence, manifestly intended to keep people out. Plaintiff knew what he was doing when he entered, and assumed the risk of what happened. There would certainly be no liability if the only basis asserted for

liability is that this door through the fence was open and offered an implied invitation to go in. Whether it was open or shut, this door would not tend to deceive passers-by into the belief that they were being invited or permitted to go upon the premises. Plaintiff was under no such illusion, as he himself admits. Legally speaking, the situation is not different from what it would have been if the dòor had been closed and plaintiff had opened it to pass through. The fact that the public were intended to be excluded, and were not invited to experiment to learn how precarious the remnants of this razed structure might have been is clearly apparent. It might have been different if the condition had been such that people would have been likely to walk through this door inadvertently, in the mistaken belief that they were still on the sidewalk. No such conclusion can be drawn in this instance.

In both *West* v. *City of New York* (265 N. Y. 139) and *Fagan* v. *Bishop* (176 App. Div. 777), the accident happened within the boundaries of a public street.

The judgment appealed from should be reversed and the complaint should be dismissed, with costs.

COHN, J. P., CALLAHAN and HEFFERNAN, JJ., concur; SHIENTAG, J., dissents and votes to affirm.

Judgment reversed, with costs to the appellant, and judgment is directed to be entered dismissing the complaint herein, with costs.