■ LEONARD BEAUCHAMP, JR., an Infant, by His Guardian ad Litem, LEONARD BEAUCHAMP, et al., Respondents, v. NEW YORK CITY HOUSING AUTHORITY, Appellant.

STEUER, J. (dissenting). The defendant, New York City Housing Authority, had acquired six buildings on Trinity Avenue, The Bronx. On the day of the accident, May 16, 1960, these buildings were vacant and awaiting demolition. It was in one of these buildings that plaintiff met with the accident for which he has recovered.

While the facts are in substantial dispute, the version accepted by the jury is perforce accepted here. According to that, plaintiff, a boy of 10, entered No. 529 Trinity Avenue (one of the houses referred to) to retrieve his baseball glove which had been thrown into the building by another boy. While he was in the building for this purpose some plaster fell from the ceiling of the room he was in. He became frightened and repaired to the window. The window glass was no longer in place and he seated himself on the sill. More plaster fell and, in some unaccounted way, he fell from the window. There was further testimony that the buildings were in a dilapidated condition and that since their having been vacated children played in them to the knowledge of defendant.

We will assume that defendant did not maintain the building. It had no intention to do so. The question is whether its failure to do so violated any duty it owed to this plaintiff. Undoubtedly plaintiff was a trespasser. The fact that he entered the building to retrieve his property does not alter this situation (*Serapiglia* v. *Santini Bros.*, 306 N. Y. 877; *Goteri* v. *Anndons, Inc.*, 278 App. Div. 369). And it has long been the law that an owner's knowledge that children used his property for play purposes does not constitute an invitation to them to continue or to enter (*Carbone* v. *Mackchil Realty Corp.*, 296 N. Y. 154). It has been repeatedly held that passive acquiescence is not an invitation (*Mendelowitz* v. *Neisner*, 258 N. Y. 181). No one seriously disputes these propositions, nor that they would effectually bar recovery.

To escape them, reliance is placed on statute, namely, section C26-193.0 of the Administrative Code of the City of New York. The particular portion of this section on which plaintiff relies reads: "Any vacant building unguarded or open at door or window shall be deemed dangerous or unsafe as a fire hazard; and any vacant multiple dwelling not continuously guarded or not boarded up and kept secure against unauthorized entry as hereinbefore provided, shall be deemed dangerous or unsafe as a fire hazard or dangerous or detrimental to human life, health or morals within the meaning of this article." For whom is this section designed to give protection? Obviously the boarding up of a building will not prevent fires except to the extent that it prevents an unauthorized person from entering the structure and starting a fire. The section was undoubtedly designed to prevent the danger arising from the known practice of homeless tramps occupying abandoned premises and using fire to cook or to

warm themselves. The people in the neighboring houses, the people using the adjacent streets, and the public generally are the subjects of protection. It is suggested that the invading hobo is to be compensated for the damage he does because he was not prevented from doing it? Similarly, the danger to morals stems from the knowledge that such abandoned buildings are made the resort of those who seek an unnoticed rendezvous for a variety of illegal or immoral purposes. It is the public who suffer from the consequences of such gatherings that the statute seeks to benefit by its restrictions, not those who foregather for the immoral purposes. That is the purpose and indeed the purport of the enactment.

Nothing in the section gives sanction to unauthorized entry or creates rights in favor of trespassers. If this plaintiff can recover so can a thief who enters the buildings to elude pursuit. As the section does not provide for trespassers, it cannot be said to distinguish between trespassers. The only way the section can be made to operate in favor of the plaintiff is to say that it intends to protect trespassers against themselves. Such an unfavored proposition should not be found without clear direction, and certainly not on a strained interpretation.

The complaint should be dismissed.

Botein, P. J., Breitel and Eager, JJ., concur in decision; Steuer, J., dissents in opinion in which Stevens, J., concurs.