GEORGE PARKES, JR., by GEORGE PARKES, Guardian ad Litem, Plaintiff, *v.* NEW YORK TELEPHONE COMPANY, Defendant.

Supreme Court, Queens County, March, 1923.

**Negligence — doctrine of " attractive nuisance " not favored — telephone poles — when infant cannot recover for injuries.**

The doctrine of attractive nuisance is not favored in this state.

The plaintiff, a boy seven and one-half years of age, of short stature, climbed a telephone pole, swung on a rope loop tied to the pole about four feet from the ground and connected with a bos'n chair used by telephone employees in repairing cables and which they had anchored in the above manner at the end of their day's work. Several times the plaintiff climbed the pole, swung on the rope and dropped to the ground. The last time he dropped he received injuries and brought an action against the defendant for negligence. On a motion to set aside a verdict in favor of plaintiff and to dismiss the complaint, *held,* that there was no evidence that the appliance was inherently dangerous or led or directed the child into or upon another object inherently dangerous; that the pole and cables were rightfully upon the highway; that the rope was rightfully attached to the pole and was not defective and that plaintiff was a trespasser.

MOTION to dismiss complaint at close of case.

*William E. Kennedy,* for plaintiff.

*Charles T. Russell (Benjamin F. Briggs,* of counsel), for defendant.

CARSWELL, J. The defendant's men were engaged in repairing cables maintained on poles situated at the curb of a street in a sparsely populated part of Queens. They were using a bos'n chair, which they anchored at five P. M., June 28, 1922, on the cables about four or five feet from one of the telephone poles. This pole had the usual spikes and cleats upon it for climbing. A rope hung down from the bos'n chair. They tied this rope with a knot around the pole at the point either six and one-half or four feet from the ground, forming a loop from the bos'n chair to the pole. After the men left for the night, two or three fifteen-year-old boys came along, climbed the pole and the rope, which they had untied from the pole, and swung back and forth upon the rope. These boys were driven away by a woman in a nearby house and they apparently retied the rope at the same point at which they found it, or at a point closer to the ground, to wit, about four feet. The distance is unimportant, as either place was beyond the reach of this plaintiff while standing on the ground. The plaintiff, a boy seven and one-half years of age, and of short stature, then came along, climbed the pole and without untying the rope, reached out and swung on the rope loop. As a matter of play and voluntary

action, he then dropped to the ground. He again climbed the pole, reached out on the rope and again swung back and forth on the rope loop. He again, as a matter of voluntary action, in his playing, released his hold and dropped to the ground, breaking his wrist and rupturing or contusing his kidney.

It is asserted these facts establish that defendant was negligent; that it negligently maintained an attractive nuisance which invited this child to indulge his instincts of play to his hurt, and, therefore, defendant should respond for the injuries sustained. A jury has so found and has decided that plaintiff was free from contributory negligence.

The pole and cables were rightfully upon the highway. The appliance was rightfully attached to the cables and pole. The rope upon which the boy swung was not defective and did not break. To reach the rope and appliance the boy had to climb the pole. In climbing the pole, he was a trespasser before he reached the rope upon which he swung, and from which he dropped in a manner that caused him injury. Plaintiff at best was a mere licensee to whom defendant owed no duty of active vigilance. The measure of its duty, under the most liberal view, was to refrain from willfully acting to his detriment; to refrain from recklessly leaving unquestionably dangerous objects in his path, or objects which were so defective themselves or were arranged in so negligent or defective a manner as to be pregnant with danger; to refrain from enticing him into places where there were inherently dangerous objects. *Robertson* v. *Rockland Light & Power Co.*, 187 App. Div. 720; *Martin* v. *Cahill*, 39 Hun, 445; *Jaffy* v. *N. Y. C. & H. R. R. R. Co.*, 118 Misc. Rep. 147; *Walsh* v. *F. R. R. Co.*, 145 N. Y. 301; *Fitzgerald* v. *Rodgers*, 58 App. Div. 298; *Saverio-Cella* v. *Brooklyn Union E. R. R. Co.*, 55 id. 98; *Ramsey* v. *National Contracting Co.*, 49 id. 11; *McAlpin* v. *Powell*, 70 N. Y. 126.

The doctrine of attractive nuisance is not favored in this state. *Dorsey* v. *Chautauqua Institution*, 203 App. Div. 251. The broader Federal court rule favoring " attractive nuisance " is being narrowed in the direction of the New York rule. *United Zinc & Chemical Co.* v. *Van Britt*, 258 U. S. 268; 66 U. S. (L. ed.) 349; see also dissenting opinion.

The defendant may not be cast in damages, unless it appears (1) that the appliance attracted children; (2) that it was inherently dangerous, or led or attracted the child into or upon another object inherently dangerous; and (3) that defendant knew or ought to have known both these things. There is no evidence that the defendant knew children played on this rope. There is evidence that one set of boys did so, and from this it may be inferred that

the defendant ought to have anticipated that children would be attracted by the appliance. There is, however, no evidence upon which a finding of the second element of inherent danger can be predicated.

If this second element of danger be excluded from the doctrine of " attractive nuisance," every object, although free from defect, upon the public highway becomes an attractive nuisance upon which liability may be founded. The spikes upon the pole in question from which a child might swing after climbing thereto would be within such a rule, although it has never been so held in New York. The iron bar of an awning suspended in front of a shop window likewise would be within such a rule, as would innumerable other similar objects which, in fact, attract children to play upon them and which they do climb upon, swing and drop from, but which are not inherently dangerous and which do not necessarily lead to other objects inherently dangerous. But this second element is an essential part of the rule so far as the rule itself is recognized in this state.

There is no decision in this state that will sustain a recovery in this case. In *Kunz* v. *City of Troy*, 104 N. Y. 344, the object which attracted the children was unlawfully on the highway, and the children did not have to commit a trespass before they began playing upon the object that injured one of them. In *Robertson* v. *Rockland Light & Power Co.*, *supra*, the child was attracted and led into a dangerous object — a charged wire. Here that element is absent.

It is unnecessary to consider, under the foregoing view, the effect of the intervention of the first group of boys.

The motion to set aside the verdict is granted. The motion to dismiss at the close of the whole case was reserved upon consent until after the verdict. That motion was denied after the return of the verdict. That denial is reversed and the motion to dismiss the complaint is granted.

Ordered accordingly.