DORA WALKER, an Infant, by SAMUEL WALKER, Her Guardian ad Litem, Respondent, Impleaded with Another, v. FRANCES BACHMAN, Appellant.

(Argued May 28, 1935; decided July 11, 1935.)

*George J. Stacy, James J. Mahoney* and *Ethel M. Smith* for appellant. There was nothing defective or wrong about the driveway and wall in the rear of defendant's premises. Defendant did not owe plaintiff any duty, did not violate any duty and is not liable. (*Mendelowitz* v. *Neisner*, 258 N. Y. 181; *Sterger* v. *Van Sicklen*, 132 N. Y. 499; *Polemenakos* v. *Cohn*, 234 App. Div. 563; 260 N. Y. 524; *Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301; *Aubrey* v. *McCarthy*, 217 App. Div. 492; *Miller* v. *Woodhead*, 104 N. Y. 471; *McAlpin* v. *Power*, 70 N. Y. 126; *Powers* v. *Owego Bridge Co.*, 97 App. Div. 477; *McNeven* v. *Arnott*, 4 App. Div. 133; *Tymon* v. *M. L. S. Construction Co.*, 262 N. Y. 161; *Di Biase* v. *Ewart*, 228 App. Div. 407; 255 N. Y. 620.)

*John J. McGinty, Joseph C. Thomson* and *Bernard Budnick* for respondent. The evidence sufficiently established the cause of action of the infant plaintiff against the defendant. (*Tannenbaum* v. *Lindenberg*, 105 Misc. Rep. 307; *Sweet* v. *Perkins*, 196 N. Y. 482; *Parnell* v. *Holland Furnace Co.*, 260 N. Y. 604; *Murtha* v. *Ridley*, 232 N. Y. 488; *Sarapin* v. *S. & S. Corrugated Paper Co.*, 209 App. Div. 377; *O'Connor* v. *Kulerban Holding Corp.*, 240 App. Div. 957; 265 N. Y. 461.)

*Per Curiam.* The defendant owned a two-family house, in the rear of which, under the first floor, were two garages facing a cement space extending twenty-three feet eight inches out from the building, constituting the back yard. The outer margin of this cement space was inclosed by a masonry wall fourteen inches high and twenty inches wide across the top. Back of that parapet was a total drop

of about eleven feet to the yard in the rear of houses below. The plaintiff Samuel Walker, father of the infant plaintiff, was the lessee of the upper floor of the defendant's house. He did not rent or use either of the garages. There was no entrance to the back yard from the house. The only use of the back yard was for automobiles entering and leaving the garages. So far as the evidence discloses, the plaintiff Samuel Walker, as lessee, had no right to use the back yard as appurtenant to the apartment leased to him.

In the absence of her parents, the infant plaintiff and her brother were playing in the back yard. The day was hot and the children were squirting water from a hose on each other. While the hose was in the hands of the brother, he turned the water full force on the infant plaintiff. She became frightened, backed away, stumbled over the parapet at the back, and injured herself in the fall to the level below. There is evidence that the children over a considerable period of time had, to the knowledge of defendant, played in the yard.

The trial court submitted to the jury the question of whether the infant plaintiff was an invitee or a mere licensee, charging that if she was found to be an invitee, the defendant owed her the duty of maintaining the back yard in a reasonably safe condition; but that if she was found to be a mere licensee, then the defendant owed her no duty of active vigilance. The defendant excepted to the submission of that question to the jury, and further requested the court to charge that the infant plaintiff took the yard as she found it. To the refusal to charge as requested defendant excepted. The infant plaintiff had a verdict and the judgment entered thereon was affirmed in the Appellate Division.

The record is without the slightest evidence to show that the infant plaintiff was other than a mere licensee. The child was in the back yard with the implied consent of the defendant; but she was there for her own purposes

only, and defendant's acquiescence did not become an invitation. (*Vaughan* v. *Transit Development Co.*, 222 N. Y. 79, 82.) In *Murtha* v. *Ridley* (232 N. Y. 488) there was evidence which established the yard as an appurtenance to the apartment house used in common by the tenants and retained in the possession and control of the landlord. Nothing of the sort appears here. (Cf. American Law Institute, Restatement of the Law of Torts, § 360.)

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Judgments reversed, etc.