ROSE KEENAN, as Administratrix, etc., of HOWARD KEENAN, Deceased, Respondent, v. LAWYERS MORTGAGE COMPANY in Rehabilitation, GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, as Rehabilitator of LAWYERS MORTGAGE COMPANY, LAWYERS MORTGAGE GUARANTEE CORPORATION, and LEONARD V. LAVELLE and Another, Copartners, Doing Business as LAVELLE & LARKIN, Appellants, Impleaded with RUBKAR REALTY CORPORATION, Defendant.*

First Department, June 10, 1938.

*Hobart R. Marvin* of counsel [*James A. Hughes,* attorney], for the appellants.

*Gabriel Rubino* of counsel [*Lawrence Silverman,* attorney], for the respondent.

UNTERMYER, J. The plaintiff sues as administratrix of her infant son Howard Keenan who, on September 24, 1933, died at the age of four and one-half years in consequence of an accident which, it is alleged, was caused by the negligence of the defendants in the construction or operation of the building No. 1135 Anderson avenue, borough of Bronx. On the occasion of the accident, the deceased infant, whose family were tenants of the building, together with the son of the superintendent of the premises, was swinging on an iron gate when suddenly the concrete post to which the gate was attached toppled over, causing injuries which resulted in his death. The post and the gate were located at the center of a balustrade, also constructed of concrete, which separated a courtyard of the premises from the street. On each side of the gate were concrete posts, to one of which the gate was fastened and against the other of which it closed. These posts were constructed at, but not beyond, the building line. The gate, attached at the center of the post and opening into the courtyard of the building, was thus at all times within the defendants' premises.

The evidence is uncontradicted that the courtyard was not intended for the use of tenants, for it contained no entrance into the building except a stairway to the cellar, sometimes used by the superintendent. On previous occasions the superintendent had chased away children whom he found playing on the balustrade. Altogether, it is incontrovertible that the balustrade, the gate and the courtyard, all of which were constructed on the defendants' premises, constituted an area from which not only the public but tenants of the building and their families were excluded and that, accordingly, at the time of the accident the deceased was a trespasser or at most a licensee. (*Tymon* v. *M. L. S. Construction Co.*, 262 N. Y. 161; *Mendelowitz* v. *Neisner*, 258 id. 181.) As to such the defendants owed only the duty to abstain from willful or wanton injury and were under no obligation to exercise even ordinary care in maintaining the premises in a safe condition. (*Walker* v. *Bachman*, 268 N. Y. 294; *Vaughan* v. *Transit Development Co.*, 222 id. 79.) Conceding, therefore, as the jury must have found, that the post to which the gate was attached was not adequately anchored to the base on which it stood and that this condition would have been detected by proper inspection, the plaintiff, nevertheless, was not entitled to recover. Indeed, it is fairly evident that the post, though not anchored in accordance with the best practice, would have been adequate for the purposes for which it was constructed had not the excessive strain imposed on it by the deceased infant and his playmate caused it to fall. Unless, therefore, an owner of real estate is to be charged with the consequences of the acts of children who come uninvited upon his premises and subject his property to uses for which it is not designed, the defendants ought not to be subjected to liability here.

The respondent suggests that this question was not adequately presented at the trial. We think it is presented at several places in the record. It was first referred to in the defendants' opening to the jury, included in the record on appeal. It was directly presented by the defendants' exception to the court's refusal to charge that the deceased was either a trespasser or a licensee and that to such the defendants owed only the duty to refrain from inflicting willful injury. Finally, it was presented by the defendants' exception to the charge of the court that, as matter of law, the defendants owed to the deceased the duty of exercising ordinary care in the maintenance of the concrete post.

It remains only to consider the respondent's contentions that the defendants are liable because the gate, though not in the highway, was so near to it as to constitute an attractive nuisance and that the post, as it is claimed, fell upon the deceased while he was

in the street. As to the first of these contentions, the decisions in this State have established a distinction between nuisances attractive to children, situated in a public thoroughfare, for which those who create them will be liable (*McCloskey* v. *Buckley*, 223 N. Y. 187; *Boylhart* v. *DiMarco & Reimann, Inc.*, 270 id. 217), and structures, though dangerous, situated on private property for which the owner is not liable whether the trespassers be adults or children. (*Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301; *Fox* v. *Warner-Quinlan Asphalt Co.*, 204 id. 240.) We have been referred to no decision in this State which makes the owner's liability depend upon the proximity of the structure to the highway. Premises adjacent to the highway are the property of the owner as fully as those parts which are more remote. Persons who trespass upon one part of his property assume the same risk as those who trespass upon other parts. The decisive element is not the degree of proximity to the highway but the fact that the owner of private property, wherever situated, is under no obligation to exercise vigilance in maintaining it for the benefit of trespassers or for the benefit of those who, even with his acquiescence, use it for their own advantage or recreation.

It is also suggested that under the decision in *Mullen* v. *St. John* (57 N. Y. 567) the defendants are liable to the plaintiff because the post fell upon the deceased in the highway. The evidence of this is quite unsatisfactory and is opposed to the great weight of evidence in the record. In our opinion, however, that circumstance would in no event affect the defendants' liability, since the fall of the post, whether into the highway or into the courtyard, was caused by the deceased while in the act of trespassing on the defendants' premises. The case of *Hynes* v. *N. Y. C. R. R. Co.* (231 N. Y. 229), relied on by the plaintiff, is readily distinguishable in that at the time of the accident the deceased was " still on public waters in the exercise of public rights " (p. 236). In the present case the accident was caused by the acts of the deceased infant while swinging within the courtyard of the building on a gate which had been erected to exclude the public.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

O'MALLEY, DORE, COHN and CALLAHAN, JJ., concur.

Judgment and order unanimously reversed, with costs, and the complaint dismissed, with costs.