Benjamin Brenner, J.
The infant plaintiff sustained his injuries while playing basketball in the defendants’ driveway where the owners affixed a board and a basket above their garage door, in close proximity to a stationary wooden obstruction which served as a garage doorstop in the driveway and area of play. It is conceded that the infant plaintiff was one of a group of children invited to play with defendants’ son.
I do not agree with defendants’ contention that in these circumstances the infant must take the premises as he finds it and that the infant’s rights are no greater than those of trespassers and licensees to whom owners owe no duty greater than to refrain from intentional harm.
It should at once be noted that however much the infant may be regarded a social guest, rather than an invitee (Traub v. Liekefet, 2 A D 2d 22), he was invited into a play area with the clear intent to provide recreation not only to the infant plaintiff but to their son as well. The ‘ ‘ character of the invitation,” therefore, must be borne in mind in applying to this plaintiff the rather loose term “ social guest” (Restatement, Torts, § 342, subd. f, p. 936). Moreover, while the jury was instructed that the visible obstruction in the area of play was no entrapment (instructions which constitute the law of the case), surely what may be open and visible to an adult may be obscure and constitute an entrapment in the case of an infant ; for children are oblivious to dangers they are unlikely to appreciate. (Restatement, Torts, § 339, p. 925.)
*623 It is of course true that, as stated in Keenan v. Lawyers Mtge. Co. (254 App. Div. 348, affd. 280 N. Y. 525): “ the owner of private property, wherever situated, is under no obligation to exercise vigilance in maintaining it for the benefit of trespassers or for the benefit of those who, even with his acquiescence, use it for their own advantage or recreation.” But the case at bar involves much more than mere acquiescence to use for recreation. The owners here created the danger to which they deliberately invited the infant. Besides, the negligence of the owners was of an affirmative and deliberate nature and in that respect is distinguishable from the negligent conduct of the owners in the cases cited wherein a social guest is afforded no greater protection than a member of the owner’s household (Wilder v. Ayers, 2 A D 2d 354; Porcelli v. Amodeo, 145 N. Y. S. 2d 761; Walker v. Bachman, 268 N. Y. 294; Bogateroff v. Caplan, 108 N. Y. S. 2d 205; Sheingold v. Behrens, 276 App. Div. 973; Klein v. Ramapo Park, 253 App. Div. 824; Bergman v. Feitelowitz, 253 App. Div. 323, revd. 278 N. Y. 620). In all of these cases the conduct of the owner is of a passive nature, quite dissimilar from the creation by the owners of play facilities in an area of danger, as in the case at bar. Even the case most helpful to defendants, Bogateroff v. Caplan (supra), does not go that far.
I must conclude that the defendants were guilty of an act of affirmative negligence in erecting the recreational facilities in such hazardous area. When an owner invites children to such a place of danger, which he intentionally creates for their play, he should be accountable for injuries sustained thereon. He must answer for enticing children to a place which he has “ arranged in so negligent or defective a manner as to be pregnant with danger ”. (Parkes v. New York Tel. Co., 120 Misc 459, 460.)
It was suggested in the course of argument by counsel that these views are tantamount to establishing an owner’s obligation somewhere intermediate between a duty to exercise reasonable care toward an invitee and to refrain from intentional harm to a licensee. That, precisely, is the case, for it seems to me that the owner’s right to compel licensees to accept his premises as they find it has no application where he deliberately creates an unsafe recreational area for play by children whom he invites. Indeed, in my view, a trespassing child attracted to an inherently dangerous engine on the owner’s premises for which he is liable (Parnell v. Holland Furnace Co., 260 N. Y. 604) is certainly no worse off than is a child invited to an area of danger deliberately created for play purposes.
*624 The verdict herein was cleárly nominal and cannot be related to the evidence of injuries sustained by the infant. It is set aside and a new trial granted unless defendants will pay $4,500 for the infant’s personal injuries and $490 for loss of services. Settle order in accordance herewith.