■ SAMUEL KRAUSE, by His Guardian ad Litem, DAVID KRAUSE, Plaintiff, and DAVID KRAUSE, Respondent, v. SAMUEL ALPER et al., Appellants.— In an action by an infant to recover damages for personal injuries (first cause of action) and by his father for medical expenses and loss of services (second cause of action), the court set aside, as inadequate, that part of the jury's verdict which was in favor of the infant and granted a new trial, and let stand that part of the verdict which was in favor of the father. The appeal is from the judgment entered thereon in favor of the father. The infant, then about 11 years of age, was injured when he tripped over a wooden doorstop on appellants' premises and fell. At that time he was playing basketball with appellants' son and others in the driveway in front of appellants' garage, upon the roof of which had been erected a basketball backstop and hoop. There was proof that the doorstop was approximately one foot long and two to three inches wide, that it had been in the same place when appellants bought the property and erected the basketball fixture, that appellants had given permission to their son to invite his playmates and that the infant did not notice the doorstop before he tripped over it. Judgment affirmed, with costs. No opinion. Beldock, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., and Ughetta, J., dissent and vote to reverse the judgment and to dismiss respondent's complaint with the following memorandum: The infant was a social guest and the dangerous condition was open and apparent. No new danger was created while he was on the premises. Under the circumstances, the duty of appellants to correct a dangerous condition or to warn the infant existed only if they knew of the condition, realized that it involved an unreasonable risk, and had reason to believe that the infant would not discover the condition ·or realize the risk (*Higgins* v. *Mason*, 255 N. Y. 104). [6 Misc 2d 622.]

■ JOHN McGRATH, Respondent, v. JAMAICA BUSES, INC., et al., Appellants.— In an action to recover damages for personal injuries, the appeal is from a judgment entered on a jury verdict. Respondent, a passenger on a bus owned by the corporate appellant and operated by the individual appellant, was injured when he fell to the floor as the bus started and ·while he was proceeding from the front toward a seat. Judgment reversed and a new trial granted, with costs to abide the event. The verdict was against the weight of the evidence. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.