James J. Crisona, J.
In an action to recover damages for personal injuries sustained by a six-year-old infant and for loss of services and medical expenses incurred by his father, the defendants move to dismiss the complaint for legal insufficiency.
It appears that at about 5:45 o’clock in the afternoon of June 24, 1958, the defendants parked their 1954 Ford truck in front of premises 520 West 47th Street, County, City and State of New York, located in a no parking zone. At or about that time the infant plaintiff was lawfully upon the sidewalk near said premises playing with several other children, all of whom were under the age of 10 years; that with knowledge that children were in the habit of playing in and about their motor vehicle and other auto *520 mobiles, the defendants left their truck at the afore-mentioned place 1 ‘ unattended with the doors open and unlocked * * * for an unreasonable length of time ”; that while the said truck was so parked the infant plaintiff and the other children played in and about it “with the result that the infant plaintiff fell from the said truck into the street ’ ’ sustaining injuries.
In a case such as this the defendants may not be cast in damages unless it appears (1) that the truck attracted children; (2) that it was inherently dangerous; and (3) that the defendants knew or ought to have known both of these things. (Parkes v. New York Tel. Co., 120 Misc. 459, 460, affd. 207 App. Div. 869.) In the setting in which this accident occurred it cannot be said that the unattended truck owned by the defendants, parked on West 47th Street, New York County, was an inherently dangerous object. In Maloney v. Kaplan (233 N. Y. 426, 428) the Court of Appeals said: “Motor vehicles are commonly left standing in the street without extraordinary precautions being taken to prevent interference with them. They are not regarded as dangerous instrumentalities, but the possibility of danger from careless handling is obvious. The duty of the driver of such a vehicle, when he leaves it unattended in the street, is to be careful to have it so secured that it will not start up except by the intervention of some external cause not to be anticipated or guarded against.”
The accident in the instant case was not caused by the truck being put in motion by the intervention of any external cause (cf. Tierney v. New York Dugan Bros., 288 N. Y. 16) but simply by the unauthorized presence of children, including the infant plaintiff, in the defendant’s truck from which he fell. There are no facts alleged in the complaint from which the element of inherent danger can be predicated. As was noted by the late Mr. Justice Cabswell in Parkes v. New York Tel. Co. (120 Misc. 459, 461, affd. 207 App. Div. 869, supra): “ If this second element of danger be excluded from the doctrine of 1 attractive nuisance, ’ every object, although free from defect, upon the public highway becomes an attractive nuisance upon which liability may be founded.”
Plaintiffs’ contention that the defendants’ violation of the no parking ordinance is some evidence of negligence simply because the truck would not have been parked where it was had the ordinance been observed is without merit. The accident did not occur on a play street and thus no duty to the infant plaintiff as a member of the class for whose protection the safeguard had been designed was violated. Here the violation of the ordinance against all parking on the street in question did not have
*521 such a direct connection with the accident described in the complaint as to be part of the act that caused it. 1‘ Breach or neglect of duty imposed by statute or ordinance may be evidence of negligence only if there is logical connection between the proven neglect of statutory duty and the alleged negligence.” (Brown v. Shyne, 242 N. Y. 176,182.) No such connection is possible under the circumstances of this case.
Accordingly, the motion to dismiss the complaint is granted.
Submit order.