■ WALTER GARRAWAY, Individually and as Guardian ad Litem of WARREN GARRAWAY, an Infant, Respondent, v. J. CORELLI, Doing Business as J. CORELLI HOMES, Appellant.— In an action by the infant plaintiff to recover damages for personal injuries sustained when a block of wood, insecurely fastened to the roof of a house being constructed by the defendant, was caused to become loosened by a gust of wind and to strike the infant plaintiff (then four years of age) on the head while playing in a sand pile on defendant's property, and by the infant's father to recover damages for loss of services and for medical expenses, defendant appeals from a judgment of the Supreme Court, Nassau County, entered May 23, 1961, after trial, upon a jury's verdict in favor of plaintiffs. Judgment affirmed, with costs. No opinion. Beldock, P. J., Kleinfeld and Rabin, JJ., concur; Ughetta and Brennan, JJ., dissent and vote to reverse the judgment and to dismiss the complaint, with the following memorandum: The defendant was the owner of real property on which he was constructing a one-family home with a pitched roof. Strips of tar paper had been applied to a portion of the roof and, according to the infant plaintiff's father's testimony, four or five blocks of wood had been nailed to the tar paper. In the early part of a Saturday afternoon, March 4, 1950, the infant plaintiff, then four years of age, was playing on the top of a sand pile 12 feet in from the sidewalk line. Concededly the infant was a trespasser on defendant's property. For about one hour prior to the accident there were strong gusts of wind, increasing in velocity. Suddenly a gust of wind lifted the tar paper and dislodged the blocks of wood which had been nailed to it. One of the blocks of wood struck the infant plaintiff, causing him to be injured. To trespassers and mere licensees, such as this infant, the defendant owed a duty only of refraining from any willful or wanton acts directed against them and from the reckless use or maintenance of inherently dangerous agencies or contrivances likely to inflict injury (*Carbone* v. *Mackchil Realty Corp.*, 296 N. Y. 154; *Mendelowitz* v. *Neisner*, 258 N. Y. 181; *Keenan* v. *Lawyers Mtge.*

*Co.*, 254 App. Div. 348, affd. 280 N. Y. 525). In nailing blocks of wood to hold the tar paper on the roof, defendant acted solely in the furtherance of his business and upon his own property 22 feet from the public highway (*Stinnett* v. *Liberty Aircraft Prods. Corp.*, 273 App. Div. 909). There is no evidence in the record of any affirmative wanton act by the defendant; nor, in our opinion, can it be said that the defendant brought about an inherently hazardous situation in disregard of the safety of human life and that the consequences could have been anticipated (cf. *Mayer* v. *Temple Props.*, 307 N. Y. 559).