■ DOUGLAS S. DIETRICH et al., Respondents, v THOMAS L. OHRUM et al., Appellants.—Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Defendants' home was without heat or hot water because a squirrel's nest had "plugged" the chimney. Plaintiff, a self-employed chimney sweep and chimney repairman, was hired by defendants to remove the nest. On examination before trial, plaintiff testified that he had removed squirrel and other animal nests from chimneys "many times" in the past and that he had extensive experience in the repair of chimneys, including tuck pointing, brick replacement, and the placement of tiles, chimney caps and flashing.

On April 19, 1987, plaintiff took his tools and equipment to defendants' home but failed to take a stepladder, which he needed in order to elevate himself from the roof of the home to the top of the chimney. Plaintiff borrowed a stepladder from defendants. He examined the ladder and found that it was "okay" and "would serve the purpose". Prior to commencing his efforts to dislodge the nest, plaintiff also inspected the chimney and found that, although it needed tuck pointing, no other brick-laying or masonry work was required, and the chimney cap appeared to be in good condition. He testified that the chimney was "sturdy enough to deal with what I had to do".

Plaintiff placed the stepladder on the roof and leaned it against the chimney. He climbed the ladder, stood on top of the chimney cap, and attempted to dislodge the nest. According to plaintiff, he saw a squirrel moving along the roof, and when people below shouted warnings of the approaching squirrel, "it finally got apprehensive" and "I backed down the ladder a little bit, and when I did, it twisted, and I reached for the cap, and the cap slid off". Plaintiff fell from the roof and suffered serious injuries.

Plaintiff alleges that defendants were negligent in failing to maintain, inspect, repair and replace the chimney; in supplying plaintiff with an unsafe ladder; and in failing to warn plaintiff of the unsafe condition of the chimney and the ladder. Plaintiff also alleges that defendants knew or should have known that the chimney and the ladder were unsafe. Supreme Court denied defendants' motion for summary judgment dismissing the complaint, and defendants appeal.

We reverse and grant the motion. The record fails to demonstrate that defendants knew or should have known that either the chimney or the stepladder was defective. The record

does demonstrate, however, that plaintiff, skilled in chimney repair and in the use of ladders, found upon inspection that both were satisfactory for his purposes. Under the circumstances, we find that plaintiff has failed, as a matter of law, to show that defendants engaged in any unreasonable conduct for which liability may be imposed *(see, Barnaby v Rice,* 75 AD2d 179, 181, *affd for reasons stated at App Div* 53 NY2d 720; *see also, Chabot v Baer,* 82 AD2d 928, *affd* 55 NY2d 844; *Schlaks v Schlaks,* 17 AD2d 153, *lv denied* 13 NY2d 593). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Dillon, P. J., Denman, Green, Lawton and Davis, JJ.