■ JANUSZ WOZNIAK, Respondent, v WALLACE J. FILLER et al., Appellants. [666 NYS2d 670] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated January 9, 1997, as denied that branch of their motion which was for summary judgment dismissing the first cause of action of the complaint.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the aforementioned branch of the defendants' motion is granted, and the first cause of action is dismissed.

The plaintiff, a window cleaner, was injured when he fell from a ladder while washing the exterior surface of an upstairs bedroom window at the defendants' residence. He commenced this action, *inter alia*, to recover damages pursuant to a theory of common-law negligence, ultimately alleging that a dangerous and defective condition existed on the premises. That condition purportedly consisted of an improperly secured storm window frame which came off in the plaintiff's hand when he grasped it in an attempt to steady himself on the ladder, thus causing him to lose his balance and fall. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion with respect to the first cause of action alleging negligence but dismissed the plaintiff's remaining claims upon the consent of the parties. We now grant that branch of the defendants' motion which was for summary judgment dismissing the negligence cause of action.

Assuming arguendo that the subject storm window frame was in a defective condition, the plaintiff has failed to present evidence that the defendants created the condition or had actual or constructive notice of its existence. Rather, the proof in the record is to the contrary. The defendants supplied documentary evidence demonstrating that the storm windows were installed by a third party, and the deposition testimony of the defendants established that they had never experienced any problem or observed any defect in operating or cleaning the storm windows. The plaintiff did not report any such problem to them on the day of the accident. Accordingly, dismissal of the negligence cause of action is warranted based on the lack of evidence that the defendants created the condition or had actual or constructive notice of the defect (*see, Fasolino v Charming Stores,* 77 NY2d 847; *Gordon v American Museum of Natural History,* 67 NY2d 836; *Vazquez v City of New York,* 192 AD2d 522; *Dietrich v Ohrum,* 170 AD2d 948). We note in this regard that the plaintiff's reliance upon the affidavit of an engineering expert as proof that the defendants had notice of the condition is unavailing. The expert concluded that the inadequately secured condition of the storm window frame would be obvious to anyone who operated or handled the storm window. However, the record demonstrates that the plaintiff removed the storm windows from their frames prior to the accident. Therefore, even if we assume that the expert's affidavit is accurate, the plaintiff must have been aware of the alleged

defect, and it follows that the defendants were under no duty to warn him of this obvious condition (*see, Pellicane v Lambda Chi Alpha Fraternity,* 228 AD2d 569; *Kurshals v Connetquot Cent. School Dist.,* 227 AD2d 593; *Jackson v Supermarkets Gen. Corp.,* 214 AD2d 650). Mangano, P. J., Santucci, Joy and Lerner, JJ., concur.